THE CITIZENS INSURANCE COMPANY, *Plaintiff in Error*, v. B. BARNES, C. H. SIMPSON, L. CARLSON and FIRST NATIONAL BANK OF MILTON, *Defendants in Error*.

Division B.

Opinion filed November 20, 1929.

Petition for rehearing denied January 2, 1930.

*Wm. Fisher,* for Plaintiff in Error;

*Watson & Pasco & Brown,* for Defendants in Error.

BUFORD, J.—In this case The Citizens Insurance Company issued a policy of Two Thousand ($2,000) Dollars; two other companies issued policies of One Thousand ($1,000) Dollars each, making an aggregate of Four Thousand ($4,000) Dollars, insuring a building in Milton, Florida, against loss by fire. In May, 1927, when all these policies were in full force and effect, the building was damaged by fire. Proof of loss was filed and, upon no agreement being reached between the insurance companies and the insured, suits were brought.

A plea was filed setting out a partial loss instead of a total loss and on such plea the issue was tried. The question was whether the building was either an actual or constructive total loss and the plaintiffs thereby entitled to recover the full amount of the policies, or whether there was only a partial loss and, if so, the amount of the loss.

When the cause came on for trial the plaintiffs introduced evidence. The defendant offered no testimony. On motion the court ruled and held that the building was a constructive total loss and directed a verdict in favor of the plaintiff and against the defendant for the full amount of the policy with interest and attorney's fees. The verdict was for $2080.00, together with $208.00 attorney's fees, making in all $2288.00.

The record shows that the damage did not cause an actual total loss. But, it is contended on the one hand that it constituted a constructive total loss and on the other hand that it only constituted a partial loss. It appears from the record that a part of one wall of the building was composed of brick and that, the remainder of the building was composed of wood framing covered on the sides with sheet iron, and some sort of a composition roof. The building was described in the policy constituting the basis of this suit as the "two-story, iron-clad *frame* building with metal roof." (Italics ours.)

The plaintiff in error here, defendant in the court below, contends that the building was not a frame building and, therefore, did not come within the purview of the ordinance of the Town of Milton, the pertinent part of which was in the following language:

"It shall be unlawful to repair any frame building when damaged by fire, other casualty or decay, to the extent, in the opinion of the building inspector, of 50% of what it would cost to build a new building of like character; provided all repairs to such roof shall be of metal, slate or other incombustible material. If the owner of such building shall object to the decision of the building inspector, the question shall be settled by three disinterested persons, one to be chosen by the building inspector, one by the owner of the building and the two thus chosen shall select the third. A decision of the majority of the persons thus chosen shall be conclusive and final."

The position taken by the plaintiff in error, defendant in the court below, is inconsistent with the terms of its policy. It-was the right of the insurance company to classify the building and to apply the rate of premium which

obtained as to such a classification. The insurance company in this case classified the building as hereinbefore stated which was a *kind* of frame building. It accepted the premium based upon that classification.

The ordinance applies to *any* frame building and, therefore, must be held to apply to that *kind* of frame building which was described in the policy here sued on.

The uncontradicted evidence shows that the building was damaged to more than 50% of the cost of reproducing and, therefore, if the building was *any* frame building the ordinance referred to applies.

The plaintiff in error does not contend that the ordinance was invalid. In fact, it is admitted that the ordinance was a valid police regulation.

That such ordinances are valid and binding police regulations is so universally held to be true that it is needless to cite authorities in support of this finding.

In Larkins v. Glenns Falls Insurance Co., 80 Minn. 527, 83 N. W. R. 409, 81 A. S. R. 286, the court in discussing the validity of an ordinance of the City of St. Paul quite similar to the one here under consideration, say:

"The question is a new one in this State, and an examination of the books discloses very few adjudged cases on the subject in other states. We have found only the following: Hamburg, etc., Ins. Co. v. Garlington, 66 Texas 103, 59 Am. R. 113, 18 So. W. R. 337, Brady v. Northwestern Ins. Co., 11 Mich. 425, 445; Brown v. Royal Ins. Co., 1 El. & E. 853; Fire Assn. v. Rosenthal, 108 Pa. St. 474, 1 Atl. R. 303; Monteleone v. Royal Ins. Co., 47 La. Ann. 1563, 18 So. R. 472. These authorities lay down the rule that such ordinances are a part of the contract of insurance, and that the insurer is bound thereby. This is in line with the general doctrine that, where parties contract upon

a subject which is surrounded by statutory limitations and requirements, they are presumed to have entered into their engagements with reference to such statute, and the same enters into and becomes a part of the contract. There would seem to be no logical reason why this general rule should not apply to a case of this kind. The parties are presumed to know of the ordinances. They directly and materially affect their rights in case of a loss under the policy, and should govern and control in the adjustment and settlement of such loss. 4 Joyce on Insurance, Section 3170, states the law as follows:

'If the policy be upon a building of such material and character and situation with relation to fire limits that it cannot be repaired, because of a city ordinance prohibiting repairs to such buildings within fire limits when damaged to the extent of one-third their value by fire * * * the insurers are prevented from repairing, and a recovery may be had for a total loss.' "

And further in the same opinion the Court say:

"There can be no question as to the authority of the city to enact the ordinances in question. They are in the interests of the public welfare and within the police power, and we adopt the view that they become an integral part of all contracts of insurance upon property within the fire limits to which they apply."

And still further in that opinion the Court say:

"Another question is involved in this connection, and that is, How far is the determination of the inspector that the building was damaged to the extent of 50 per cent of its value conclusive? The ordinance pro-

vides that, when the owner of the building 'objects to the conclusion arrived at by the inspector' arbitrators shall be appointed, who are required to proceed and re-examine the matter and make·due report. But in this case no objèction was made to the conclusion of the inspector, either by the insured or insurer, and arbitrators were not called upon to act. And whether the determination of the inspector or that of the arbitrators when appealed to is final or not, we need not determine. In any event, the decision of those officers should be disturbed only upon very clear grounds: Monteleone v. Royal Ins. Co., 47 La. Ann. 1563, 18 So. R. 472."

We think that the above quoted enunciations correctly state the law as applicable to the case at bar and that the judgment should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.