SIBERT, Estate of, In re.

Ohio Appeals, Third District, Allen County.

No. 995.   Decided June 29, 1950.

Rodgers & Rodgers, Light & Siferd, Lima, for appellant.
Lippincott & Lippincott, Lima, for appellees.

## OPINION

By MIDDLETON, J.

This is an appeal on questions of law, from a finding and judgment of the Probate Court on a complaint filed by the ancillary administrator, Willis S. Siferd, charging the defendants Floe Mumaugh and Grace Loescher with concealing and conveying away the property of the estate of Mildred Sibert, deceased, in fraud of the rights of the complainant and others interested in the estate.

A schedule of the property charged as having been concealed or conveyed away is attached to the complaint, as an exhibit.

On trial before the Probate Judge, without the intervention of a jury, the court found against the complainant, and dismissed the action. The judgment was journalized, as follows:

"This cause came on to be heard and was heard by the court upon the complaint of Willis S. Siferd as ancillary administrator of the estate of Mildred Sibert, deceased, alleging that Flo Mumaugh and Grace Loescher were withholding assets belonging to the estate of the decedent.

"And after the testimony of all the witnesses and the arguments and briefs of counsel, the court took the case under advisement.

"And on this 16th day of September, 1949 the court finds that said complaint and citation was not well taken and should be dismissed.

"And that the several items of personal property given and delivered by the said decedent, Mildred Sibert, in her life time to the said Flo Mumaugh and Grace Loescher and still retained by them are the property respectively of the said Flo Mumaugh and Grace Loescher.

"It is therefore ordered, adjudged and decreed that the citation and complaint herein be and the same is hereby dismissed. It is further ordered, adjudged and decreed that the said Flo Mumaugh and Grace Loescher have and keep as their respective property all the personal property given and delivered to them by the said Mildred Sibert, now deceased in her life time and be and remain the property of the said Flo Mumaugh and Grace Loescher respectively, including United States Postal Certificate No. 2593 for five hundred ($500.00) Dollars, dated July 5, 1945, payable to Mildred Sibert; United States Postal Savings Certificate 2594 for five hundred ($500.00) Dollars dated July 5, 1945, payable to Mildred Sibert; United States Postal Savings Certificate No. 2592 for five hundred ($500.00) dollars, dated August 1, 1945, and payable to Mildred Sibert and United States Postal Savings Certificate No. 2595 for five hundred ($500.00) dollars, dated August 1,

1945, and payable to Mildred Sibert and that the Administrator of the estate of said Mildred Sibert deceased do any and all necessary and needful things and endorse each of said certificates in the manner and form so that they can be paid to their respective owners. Complainant to pay the costs. Exceptions allowed."

From this judgment the administrator appeals to this court, and sets forth six assignments of error.

1. That the finding and judgment is against the weight of the evidence.

2. That the finding and judgment is contrary to law.

3. That the court erred in the admission of evidence over the objection and exception of appellant.

4. The court erred in the exclusion of evidence to which appellant objected and excepted.

5. The finding and judgment is not sustained by the evidence.

6. Other errors of law apparent of record.

The complainant did not argue orally or by brief, assignments of error Nos. 3, 4 and 6 and therefore these assignments will not be considered by the court.

This action is filed pursuant to the provisions of §10506-67 GC.

The evidence, as shown by the bill of exceptions, is that the decedent, a sister of the respondents, was ill with cancer for several years before her death and that she died from this illness on February 1, 1947.

During her lifetime she was the owner of the property set forth in the schedule attached to the complaint, and part of this property consisted of four Postal Savings Certificates, each certificate calling for $500.00.

The evidence further shows that at the time of the death of Mildred Sibert the respondent, Flo Mumaugh, had two of these certificates in her possession, and the respondent, Grace Loescher, had the other two in her possession.

The respondents testified that these certificates were given to them at the same time, the latter part of August, 1946, upon Mildred Sibert's return from the hospital, and that at that time the deceased knew that she had a cancer and could not recover.

The evidence further shows that on one occasion when she was disposing of property contained in the schedule, she stated: "I have a cancer and I can't get well and I am going to give everything away that I got."

The certificates given to the respondents were not signed or endorsed by the deceased.

While there is conflict in the evidence there is substantial and credible evidence to prove all the essential facts necessary to support the judgment of the court dismissing the complaint. The judgment, therefore, is not contrary to the evidence and is sustained by the evidence.

It is claimed by the appellant that the court was limited to the inquiry of whether the parties cited had in their possession, the articles mentioned in the complaint, and was without authority to determine ownership of the property.

Sec. 10506-73 GC provides, in part:

"The court shall have authority to cite into court all persons who claim any interest in the assets alleged to have been concealed, embezzled, conveyed or held in possession and at such hearing shall have authority to hear and determine questions of title relating to such assets."

There is nothing ambiguous in this provision of the Code and nothing that needs to be construed.

The authority is given to the court to determine the title of the assets in dispute.

In this case, the ultimate fact to be determined is the title to the property listed in the schedule attached to the complaint.

There is nothing in the holding of the court in the cases cited by the complainant which is in any way in conflict with this view.

In re Estate of Howard, 79 Oh Ap 203, at pages 216 and 217; Smith, Admr., v. Ross, 29 Abs, 553.

It is therefore the holding of the court that the Probate Court had the authority to determine the title to the property set forth in the complaint.

As has been stated, among the assets claimed to have been concealed and conveyed away were four $500.00 postal certificates.

It is the claim of the administrator that title to these certificates did not and could not pass to the respondents, under the admitted facts in evidence. That these certificates are non-negotiable and non-transferable and could not be the subject of a gift by delivery only, during the lifetime of the decedent.

The certificates were not offered in evidence nor have counsel furnished the court with any citations of the federal law or rules and regulations of the postoffice department governing the issuing of postal savings certificates.

Different types of federal obligations are governed by different regulations. Here, we are concerned only with regulations governing postal savings certificates.

The court has been unable to find where this question has been heretofore considered by the courts of Ohio. However, the question has been passed upon in the courts of other states.

The case of James J. Marshall, Executor, v. Elizabeth Felker, decided by the Supreme Court of Florida, 1945, and reported in 161 American Law Reports, 167, is a case in many' respects similar to the case at bar. The Florida court in this case found the law to be, as shown by the syllabus, as follows:

"1. United States postal savings certificates and war savings bonds may, notwithstanding statements therein that they are not negotiable and not transferable, be the subject of a gift by delivery which is valid as between the parties in the absence of express prohibition by the Federal statutes, rules, and regulations under which they are issued.

"2. That a gift of postal savings certificates is not prohibited by the regulations under which they are issued is indicated by a provision therein that if the rights and interests of a donee beneficiary have been adjudicated by a court of competent jurisdiction, payment will be made by the Post Office Department upon production of, a judgment or decree containing such adjudication. Such a prohibition cannot be inferred from the provision of the regulation governing the issuance of United States war savings bonds that no judicial proceedings will be recognized if they would give effect to an attempted voluntary transfer inter vivos of the bond.

"3. Generally, any species of personal property of which the legal or equitable title can pass by delivery, actual or constructive, may be the subject of a valid gift inter vivos or causa mortis.

"4. Gifts of securties are sufficiently established by uncontradicted and undiscredited testimony as to a declaration of the donor that he had made such gifts, together with the fact that the securities were found in the donee's possession under claim of ownership."

In discussing the rules and regulations of the Post Office' Department governing postal savings certificates, the court says:

"The applicable rules and regulations of the Post Office Department are as follows: 'Postal-savings deposits shall be evidenced by nontransferable' and 'non-negotiable certificates of deposit.' Sec. 1608. 'A depositor may not designate a beneficiary to receive payment except through the formality of a will, and payment shall be made only to the person or persons authorized. * *.' Sec. 1620(3). 'The final order, judgment, or decree of any court of competent jurisdiction adjudicating any right or interest in the credit of any sums

deposited by any person with a postal savings depository * * shall, upon submission to the Postmaster General of a copy of the same, duly authenticated * * be accepted and pursued by the board of trustees as conclusive of the title, right, interest, or possession so adjudicated, and any payment of said sum in accordance with such order, judgment, or decree shall operate as a full and complete discharge of the United States from the claim or demand of any person or persons to the same.' "

In the Florida case the appellant conceded that under the rules and regulations quoted, securities involved in the case are transferable causa mortis, but that such securities may not be the subject of an action inter vivos.

The court goes on to state:

"It is the general rule that every species of personal property of which the legal or equitable title can pass by delivery, actual or constructive, may be the subject of a valid gift, either inter vivos or causa mortis. The rule applies to 'non-negotiable' or 'nontransferable' postal savings certificates * * * issued by the federal government so long as the federal statutes, rules and regulations under which they are issued contain no express prohibition against the transfer of such instruments by gift."

"We find nothing in any of the rules or regulations brought to our attention which will prevent an inter vivos gift of the securities in question. Indeed, section 1624 of the Postal Laws and Regulations seems to be clear to the effect that if the rights and interests of a donee beneficiary in postal savings certificates have been adjudicated by a court of competent jurisdiction payment will be made by the United States Post Office Department upon production of a judgment or decree containing such adjudication."

We have quoted at length from the opinion in the above case, as the views expressed therein, applying to postal savings certificates, are in accord with our view of the law governing the case at bar.

The other cases cited by counsel involve the transfer of war savings bonds which are governed by different rules and regulations than govern postal savings certificates.

Holding, as we do, that the postal savings certificates were subjects of gift by delivery, the assignment of error that the judgment of the Probate Court is contrary to law is not well taken.

The court, in its entry of judgment, ordered the administrator of the estate of said Mildred Sibert, deceased, to "do any and all necessary and needful things and endorse each of said

certificates in the manner and form so that they can be paid to their respective owners."

The court was without authority to make this part of the order. Furthermore, if we are correct in our view of the law, heretofore stated, no action is necessary or required of the administrator to enable the respondents to obtain payment of the certificates.

The regulations of the Post Office Department, in conformity with Title 39, Chapter 20, Section 767 United States Code, provide, as hereinbefore set forth, that upon final judgment of the court adjudicating title to the certificates to be in the respondents, shall, upon the submission to the Postmaster General of a copy of the court's judgment, duly authenticated, be accepted as conclusive of the title to the certificates.

The court being without authority to make such an order, the judgment of the court is modified by deleting that portion of the judgment directing the administrator to "do any and all necessary or needful things and endorse each of said certificates in the manner and form so that they can be paid to their respective owners," and, as deleted, the judgment is affirmed.

GUERNSEY, PJ, and JACKSON, J, concur.