**REINER, Estate of, In re.**

Probate Court, Hamilton County.

No. 183050. Decided March 26, 1952.

314

Mark T. Brown, Edward G. Bruck, Hamilton, for Scelena Wolf, executrix of the estate of Jacob Reiner, dec'd.
George C. Eyrich, Cincinnati, for Doris Wolf, exceptor.

## OPINION

By DAVIES, J.:

Doris Wolf, formerly Doris Reiner, a daughter of Jacob Reiner, deceased, has filed a motion to strike two United States Savings Bonds, one of Series E and one of Series G, from the inventory filed in the administration of said decedent's estate. The Series E bond is registered in the names of Jacob Reiner or Doris Wolf, and the Series G bond is registered under the names of Jacob Reiner or Doris Reiner, both bonds having been purchased by funds belonging to the father.

The court, under these circumstances, is asked to determine if Doris Wolf is now the sole owner of these bonds by right of survivorship, if the estate of Jacob Reiner, deceased, is their sole owner, or if Doris and the estate are joint owners of the bonds.

The executrix of the estate contends, since her decedent purchased the bonds with his own funds, that, under the law of Ohio, the estate is the sole owner of the bonds. The exceptor claims that, under the Ohio law and federal law and regulations, she is the sole owner, and both parties, in the alternative, argue that there is a joint interest with the fiduciary and the exceptor each owning an undivided one-half interest in the bonds.

A review of the cases, especially of those decided in Ohio, involving the rights of multiple registered owners of property, discloses, first of all, that technical joint tenancy with the incidental right of survivorship does not exist in Ohio. **In re: Estate of Hutchison, 120 Oh St, 542, 166 N. E. 687.**

Joint tenancy is a common law estate in which survivorship is the distinctive characteristic, and in which the property descends to the survivor or survivors, and at length to the last survivor. Burroughs v. Gorman, 166 Va. 58, 184 S. E. 174; Swartzbough v. Sampson, 54 P. (2d) 73, 11 Cal. App. 451, 48 C. J. S. 910.

In many states statutes have been passed abolishing joint tenancy. No such statute has been enacted in Ohio, but an early statute (Chase's Stat. 194) gave the right of partition among joint tenants. Statutes relating to wills, which permit the transfer after death of an interest in property, by necessary implication, abolish the estate of joint tenancy by destroying its distinguishing feature, viz., the right of survivorship, and have reduced such an estate to a mere tenancy in

common. However, if the operative words of the deed or will or other instrument clearly express the intention to create the right of survivorship, such words will not be destroyed. **11 O. Jur. 163; In re: Estate of Hutchison, supra.**

The executrix, in the instant case, claims that, since the bonds are registered in the names of the decedent **or** his daughter, no words are contained in the certificates which express an intention of the parties to create a right of survivorship. She argues that, since the decedent paid for the bonds, they belong to the estate, or, at best, there is a joint interest, with the estate owning one-half of the bonds and the daughter the other one-half.

It is true that, when property is conveyed to two people jointly, they generally take by moieties as tenants in common, unless their contract of purchase provides otherwise. **Farmers' and Merchants' National Bank v. Wallace, 45 Oh St, 152;** 7 Corpus Juris.

It is also true that as a particle "or" is often construed "and," and "and" construed "or," in a copulative and not in a disjunctive sense, to further the intent of the parties, in legacies, devises, deeds, bonds and other writings. Bouvier's Law Dictionary, Rawle's Third Revision; Words and Phrases, Permanent Edition, Vol. 30, P. 35; In re: Wilkins' Will, 226 N. Y. S. 415.

Whether or not a bank account is held in joint tenancy with the right of survivorship depends on the intention of the parties, determined in the light of all the circumstances. Williams' Estate v. Tuch, 39 N. E. (2d) 695, 313 Ill. App. 230. No particular form of language is required to create a joint tenancy or the right of survivorship as to a joint bank account; any language clearly manifesting such intention is sufficient. Wallace v. Riley, 74 Pac. (2d) 807, 23 Cal. App. 654; Hurley v. Hibernia Savings & Loan Soc., 14 P. (2d) 574, 126 Cal. App. 314; **In re: Estate of Hatch, 154 Oh St, 153; Faven v. Cleveland Trust Company, 23 O. O. 563.**

If no laws or governmental regulations existed which affected or limited the ownership of the bonds at the time of their acquisition, we would conclude, in the case under consideration, that the estate and the exceptor owned them jointly. We must, however, examine the law to ascertain its effect, if any, upon the rights of the parties to this action.

Unless a contract provides otherwise, the law applicable thereto at the time of its making is as much a part of the contract as though it were expressed or referred to therein, for it is presumed that the parties had such law in contemplation when the contract was made. Illinois Bankers Life

Association v. Collins, 173 N. E. 465, 341 Ill. 548; Citizens Ins. Co. v. Barnes, 124 So. 722, 98 Fla. 933; Dalzell v. Bourbon Co. Bd. of Ed., 235 S. W. 360, 193 Ky. 171; Felter v. Bank of Leipsic Co., 31 O. N. P. (NS) 241; **In re: Liquidation of City Trust and Savings Bank of Youngstown, 17 Abs 165.**

It has been held in Ohio, **In re: Estate of Sibert, 60 Abs 113,** that, in the absence of an express prohibition of the federal statutes, United States Postal Savings Certificates may be the subject of a gift inter vivos or causa mortis by delivery, notwithstanding the fact that they are non-negotiable and nontransferable, following the holding in Marshall, v. Felker, decided by the Supreme Court of Florida, and reported in 161 A. L. R. 167. The courts, in both cases, held that valid gifts of such certificates inter vivos or causa mortis could be made **so long as the federal statutes, rules and regulations under which they are issued contain no express prohibition against the transfer of such instruments by gift,** even though the certificates were marked "non-negotiable" or "non-transferable," definitely implying that holders of these certificates are bound by the federal statutes, rules and regulations under which they are issued.

It is commonly said that existing laws form part of a contract and are incorporated into it. Williston on Contracts, Section 615 et seq. Where the subject matter of a contract is exclusively one of national cognizance, and Congress has enacted a law for its complete regulation, the parties will be presumed to have contracted with reference to the Act of Congress and its effect on the subject matter, and not with reference to the state law. Federal Land Bank of Columbia v. Shinglar, 162 S. E. 185, 174 Ga. 352.

The Supreme Court of Ohio, **In re: Estate of DiSanto, 142 Oh St, 223, 27 O. O. 179,** 51 N. E. (2d), 639, considered a case involving the ownership of United States Registered Bonds in the name of a natural person payable on death to another person under regulations which provided that "if the beneficiary should predecease the registered owner the bond will be paid as though no beneficiary had been named in the registration." The court held that "ownership of series D United States savings bonds, issued pursuant to the Second Liberty Bond Act, as amended and supplemented, and in such manner and subject to such terms and conditions as were prescribed therefor by the Secretary of the Treasurer, is to be determined according to the tenor of such bonds, and where such bonds have been registered in the name of one natural person payable on death to a single designated natural person, upon the death of the first named natural person, they become the property of the named beneficiary and the proceeds of such

bonds are not subject to administration in the estate of the first-named natural person. (**Rhorbacker, Exr., v. Citizens Building Assn. Co., 138 Oh St, 273,** approved and followed.)"

It has also been held in Ohio, **In re: Estate of Glen C. Taylor, 27 O. O. 434,** that "where United States Savings Bonds are payable to one person **or** to another person, such persons are co-owners, and upon the death of one, the bonds belong to the survivor or to his estate in case of his death."

An earlier Ohio case, **Foraker, Exr., v. Kocks, Admx., 41 Oh Ap 210,** which is not controlling in our case, held that, although the United States Treasury recognized the survivor as a proper party to whom transfer of Liberty Bond should be made, it did not confer title in such bond or create a contract of survivorship therein.

Under the provisions of Section 757c. (a), U. S. Code Annotated, Title 31, 1951 Supplement, p. 212, the Secretary of the Treasury of the United States, with the approval of the President, is authorized to issue, from time to time, through the Postal Service, or otherwise, bonds of the United States to be known as "United States Savings Bonds." It is further provided that the various issues and series of the Savings Bonds shall be in such forms, in such amounts, and shall be issued in such manner and subject to such terms and conditions consistent with law, and including any restriction on and transfer, as the Secretary of the Treasury may from time to time prescribe.

Among the regulations issued under this provision of law concerning United States Saving Bonds are the following provisions (found in the Treasury Department Regulations):

"Sec. 315.2—United States Savings Bonds are issued only in registered form. The name and post office address of the owner, as well as the name of the co-owner or designated beneficiary, if any, and the date as of which the bond is issued will be inscribed thereon at the time of issue. The form of registration used must express the actual ownership of and interest in the bond and, except as otherwise specifically provided in the regulations, will be considered as conclusive of such ownership and interest."

"Sec. 315.4—Bonds of Series E may be registered only in the names of individuals (natural persons), whether adults or minors, in their own right in one of the following forms:"

"1. In the name of one person."

"2. In the names of two (but not more than two) persons in the alternative as co-owners, for example:

John A. Jones or Mrs. Ella S. Jones. No other form of registration establishing co-ownership is authorized."

"3. In the name of one (but not more than one) person, payable on death to one (but not more than one) other person, for example:

John A. Jones, payable on death to Miss Mary E. Jones."

"4. Treasurer of the United States as beneficiary."

"Sec. 315-5—Bonds of Series F or G may be registered in the names of individuals (natural persons) in their own right as set forth in Section 315.4, subject to the same conditions as therein set forth," (and subject to other conditions which do not apply in our case).

"Sec. 315.11—Savings Bonds are not transferable and are payable only to the owners named thereon, except in case of the disability **or death** of the owner, authorized reissue, or as otherwise specifically provided in this subpart, but in any event only in accordance with the provisions of the regulations in this part." (Emphasis ours.)

"Sec. 315-13—A claim against an owner or co-owner of a savings bond and conflicting claims as to ownership of or interest in such bond as between co-owners or the registered owner and a designated beneficiary, will be recognized when established by valid judicial proceedings and payment or reissue will be made, upon presentation and surrender of the bond, except as follows:"

"(a) No such proceedings will be recognized if they would give effect to an attempted voluntary transfer inter vivos of the bond or would defeat or impair the rights of survivorship conferred by the regulations in this part upon a surviving co-owner or beneficiary."

"Sec. 315.45—A savings bond registered in the names of two persons as co-owners * * * will be paid * * * as follows:"

"(a) During the lives of both co-owners the bond will be paid to either co-owner upon his separate request without requiring the signature of the other co-owner; and upon payment to either co-owner the other person shall cease to have any interest in the bond. The bond will also be paid to both co-owners upon their joint request * * *."

"(c) If either co-owner dies without having presented and surrendered the bond for payment or authorized reissue, the surviving co-owner will be recognized as the sole and absolute owner of the bond and payment or reissue, as though the bond were registered in his name alone, will be made only to such survivor."

"(e) * * * The term 'presented and surrendered' as used in this sub-part means the actual receipt of a bond, for payment, by a Federal Reserve Bank or the Treasury Department, or an incorporated bank or trust company or any other agency duly qualified to make payment of the bond * * *."

Registered owners of United States Savings Bonds, accordingly, are bound by the provisions of the federal laws and regulations established thereunder for the ownership and transfer of such bonds when issued.

When, therefore, under existing federal laws and appropriate regulations established thereunder, Series E, F and G bonds are issued in the names of two persons in the alternative as co-owners, for example, as Jacob Reiner or Doris Wolf, and if either co-owner dies without having presented and surrendered the bonds for payment or authorized reissue, the surviving co-owner will be recognized as, and considered to be, the sole and absolute owner of the bonds and payment or reissue, as though the bonds were registered in his name alone, will be made only to such survivor.

Ohio cases support the exceptor's contention that consideration flowing from a non-contributor to the creator of a joint bank account or joint interest in other property is unnecessary to vest complete ownership of the whole account or property in the survivor when the contract establishing such joint interest or the laws applicable thereto provides for the right of survivorship. In Rhorbacker, Exr. v. Citizens Building Association, supra, the court held that in the creation of a joint and survivorship account in a bank, consideration passing between the depositor and the one surviving is not necessary, the contract being one of advantage without burden. The court concluded that the proceeds of a contract made for the benefit of a third party are not subject to administration in the estate of the donor, but belong to the person for whose benefit the contract was made. The court, in **The Cleveland Trust Co. et al. v. Scobie, Adm., 114 Oh St, 241,** likewise held that the owner of money creates a joint interest of another in a deposit when it appears to be his intention to divest himself of the exclusive ownership and control and vest ownership and control jointly in himself and another with the attendant right of survivorship.

For the reasons herein outlined, the Series E and G bonds registered in the names ·of Jacob Reiner or Doris Wolf and Jacob Reiner or Doris Reiner belong to the survivor, Doris Reiner Wolf, and her motion to strike the bonds from the inventory will be sustained.