951 So.2d 884 (2007)
Mark LUTZ, Appellant,
v.
PROTECTIVE LIFE INSURANCE COMPANY, Appellee.
No. 4D05-1405.
District Court of Appeal of Florida, Fourth District.
January 3, 2007.
*886 Philip M. Burlington of Burlington & Rockenbach, P.A., and Jeffrey M. Liggio and Richard M. Benrubi of Liggio, Benrubi & Williams, P.A., West Palm Beach, for appellant.
Irma Reboso Solares of Jorden Burt LLP, Miami, Phillip E. Stano of Jorden Burt LLP, Washington, D.C., and W. Michael Atchison, Anthony C. Harlow and Alfred H. Perkins, Jr., of Starnes & Atchison LLP, Birmingham, AL, for appellee.
Evan M. Tager of Mayer, Brown, Rowe & Maw LLP, Washington, D.C., Brian P. Trauman of Mayer, Brown, Rowe & Maw LLP, New York, New York, Carl B. Wilkerson and Lisa Tate, Washington, D.C., for Amicus Curiae American Council of Life Insurers.
STEVENSON, C.J.
Mark Lutz appeals a judgment on the pleadings entered in favor of Protective Life Insurance Company ("Protective Life") on his class action suit for breach of contract and declaratory judgment. We affirm the judgment on the pleadings with respect to the breach of contract claim, but reverse on the count for declaratory relief.
Protective Life is an out-of-state insurer that provided a group health insurance policy to Lutz and other members of the class. Lutz alleged in count one of his complaint that Protective Life breached its insurance contract by improperly raising his and other group members' premiums based on individual health status/claims-related factors contrary to Part VII of Chapter 627 (Group, Blanket, and Franchise Health Insurance Policies). In count two, Lutz sought a declaration that the group policy issued by Protective Life failed to meet the statutory conditions in section 627.6515(2), which would exempt it from the general provisions of Part VII of Chapter 627, and that Protective Life improperly raised the class members' premiums based on their claims history and/or health status, contrary to "Florida Law."
The trial court granted judgment on the pleadings in favor of Protective Life on both counts of the complaint based on its conclusion that a private right of action was not available to enforce violations of the statutory provisions which Lutz cited. The trial court believed that Lutz's claims were actually "for breach of the statutes couched in the form of actions for breach *887 of contract and declaratory relief." An appellate court considers a trial court's granting of a judgment on the pleadings by a de novo standard of review. See Thompson v. Napotnik, 923 So.2d 537 (Fla. 5th DCA 2006). In the consideration of a motion for judgment on the pleadings, all well-pleaded material allegations of the non-moving party are to be taken as true. See Venditti-Siravo, Inc. v. City of Hollywood, Fla., 418 So.2d 1251, 1253 (Fla. 4th DCA 1982). Thus, in reviewing this case, we must take as true all of the material allegations in Lutz's complaint and disregard all of the denials in Protective Life's answer.
While we agree with the trial court that nothing in the relevant statutes indicates that the legislature intended to create a private right of action for an insured to enforce compliance with an insurer's violation of sections 627.6515, 627.6571 or 627.6675, we believe these statutory provisions could form the basis for a breach of contract action by an insured if properly pled and supported by the evidence. As the court pointed out in Foundation Health v. Westside EKG Associates, 944 So.2d 188, 195 (Fla.2006):
Florida courts have long recognized that the statutory limitations and requirements surrounding traditional insurance contracts may be incorporated into an insurance contract for purposes of determining the parties' contractual rights. See Citizens Ins. Co. v. Barnes, 98 Fla. 933, 124 So. 722, 723 (1929) (finding an ordinance is "part of the contract of insurance" because there was no reason not to apply the "general doctrine that, where parties contract upon a subject which is surrounded by statutory limitations and requirements, they are presumed to have entered into their engagements with reference to such statute, and the same enters into and becomes a part of the contract"); see also Weldon v. All Am. Life Ins. Co., 605 So.2d 911, 914 (Fla. 2d DCA 1992) (applying the general principle to determine the extent to which a chiropractor's services were covered under an insurance policy).
In Westside, the court found that the "prompt pay provisions" found in Florida Statutes section 641.3155 may be incorporated into an HMO contract for the purpose of establishing a breach of contract cause of action when the provider's claim is for a service the HMO is required to provide either under the HMO Act or the HMO contract. The court noted that the HMO Act itself did not "foreclose" a common law contract action for breach of the statutorily-imposed prompt pay provision.
Here, we find that, like the prompt pay provisions in Westside, the statutory requirements for group insurance policies could be incorporated into Lutz's insurance contract and form the basis of a properly-pled breach of contract action even though the statutory scheme does not appear to support a private right of action merely to enforce compliance with some or all of them. Of course, a breach of contract claim based on the insurer's failure to comply with "incorporated" provisions of the Florida Insurance Code must be supported by allegations showing actual and direct damages to the insured, not merely hypothetical, speculative or potential ones. Further, we do not believe that section 624.155, which authorizes any person to bring a damages action against an insurer for certain enumerated statutory provisions, forecloses Lutz's right to bring a properly-pled common law breach of contract action based on statutory provisions other than those named therein. The statute itself specifically states that "[t]he civil remedy specified in this section does not preempt any other remedy or cause of action provided for *888 pursuant to any other statute or pursuant to the common law. . . ." § 624.155(8), Fla. Stat. (2005). The trial court apparently agreed with this conclusion as well, stating in the final order that "[t]his Court does not dispute Plaintiff's argument that Section 624.155 does not preempt common law causes of action for breach of contract and declaratory relief under Chapter 86, Florida Statutes."
Nevertheless, we agree with the trial court's conclusion that the complaint failed to show how Protective Life violated the cited statutory provisions such that a breach of contract based on the "incorporated statutory provisions" would have occurred. True, the complaint alleged that Protective Life "unilaterally and irregularly drastically increased the approximate monthly premiums it charged" and "improperly raised premiums based on health status related factors," but the complaint never sufficiently tied these so-called contractual breaches to any specific statutory language or requirements. Lutz alleged that Protective Life failed to comply with section 627.6515(2), which would exempt the out-of-state policy from the requirements of the bulk of Part VII of Chapter 627; section 627.6675, which requires group policies to provide employees with the option of transferring to a conversion policy when coverage under the group policy is terminated; and section 627.6571, which provides in part that an insurer "must renew or continue in force such coverage at the option of the policyholder." The complaint alleged that other provisions in the Florida Insurance Code were violated, but does not specify what provisions. Judgment on the pleadings may be granted when the moving party is clearly entitled to a judgment, as a matter of law, based solely on the content of the pleadings. See Reinhard v. Bliss, 85 So.2d 131, 133 (Fla.1956); Tres-AAA-Exxon v. City First Mortg., Inc., 870 So.2d 905, 907 (Fla. 4th DCA 2004). Because the complaint did not establish that Lutz was entitled to relief on the breach of contract claim, the trial court properly granted judgment on the pleadings in favor of Protective Life.
Lutz contends for the first time on appeal that he should have been afforded an opportunity to amend his complaint on the breach of contract claim. As a result, we are unable to consider the merits of this argument. See Century 21 Admiral's Port, Inc. v. Walker, 471 So.2d 544, 545 (Fla. 3d DCA 1985) (on rehearing) (stating "[w]e refuse the request on the ground that appellants' failure to seek leave to amend prior to the dismissal with prejudice or to move for rehearing requesting leave to amend, precludes consideration of the issue for the first time on appeal").
We reverse the entry of judgment on the pleadings on the declaratory relief claim to the extent that Lutz sought a declaration that Protective Life failed to comply with the conditions of section 627.6515, which would exempt Lutz's group insurance policy from the general requirements of Part VII of Chapter 627. The essential elements of a cause of action for declaratory relief were aptly described by this court in Hialeah Race Course, Inc. v. Gulfstream Park Racing Ass'n, 210 So.2d 750, 752-53 (Fla. 4th DCA 1968):
The Declaratory Judgments Act, as stated in Chapter 87, Florida Statutes 1965 (now Chapter 86, F.S.1967, F.S.A.) is to settle and to afford relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations; and the Act itself is to be "liberally administered and construed." Upon a motion to dismiss, predicated upon insufficiency of the complaint to state a cause of action entitling the pleader to declaratory relief, all well pleaded allegations must be taken as true. The test of sufficiency of a complaint in such a proceeding is not *889 whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. 9 Fla. Jur., Declaratory Actions, s. 47. Thus, sustaining of the adequacy of the complaint only lays the foundation for the case to be heard upon its merits and does not connote a determination as to who should prevail.
The test recognized in this state of whether or not a complaint will give rise to a proceeding under the Declaratory Judgment Act inquires whether or not the party seeking a declaration shows that he is in doubt or is uncertain as to existence or non-existence of some right, status, immunity, power or privilege and has an actual, practical and present need for a declaration. There must be a bona fide controversy, justiciable in the sense that it flows out of some definite and concrete assertion of right, and there should be involved the legal or equitable relations of parties having adverse interests with respect to which the declaration is sought.
Lutz contends that the parties dispute whether the general requirements of Part VII of Chapter 627 apply to his insurance policy. An out-of-state group health insurance policy must comply with the provisions of Part VII of Chapter 627 in the same manner as group policies issued in the state. See § 627.6515(1), Fla. Stat. (2005). However, an out-of-state group health insurance policy is exempt from most of the requirements of Part VII of the Florida Insurance Code if it complies with certain mandatory provisions found in section 627.6515(2). In his claim for declaratory relief, Lutz maintained that Protective Life failed to strictly comply with the provisions of section 627.6515(2); therefore, the general provisions of Part VII of Chapter 627 apply to his policy of insurance. According to Lutz, applying the general requirements of Part VII of Chapter 627 would give him additional rights under the policy and also would allow him to establish that Protective Life breached its contract. Lutz claims that Protective Life improperly and "differentially" raised the class's premiums based on claims history and/or health status, contrary to the requirements of Part VII of Chapter 627.
A motion for judgment on the pleadings is governed by the same legal test as a motion to dismiss for failure to state a cause of action. See Domres v. Perrigan, 760 So.2d 1028 (Fla. 5th DCA 2000). We conclude that the pleadings demonstrate that Lutz is entitled to have the trial court resolve whether Protective Life failed to comply with section 627.6515(2), such that the policy would be subject to the general provisions of Part VII of Chapter 627. In the instant case, it is enough that Lutz has set forth an uncertainty as to the existence of some rights under the insurance contract and an actual dispute with the insurer concerning those rights and obligations. See § 86.101, Fla. Stat. (2005) (stating the purpose of the Declaratory Judgment Act is "to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed"); see also Higgins v. State Farm Fire & Cas. Co., 894 So.2d 5 (Fla.2004) (holding that a claim may lie for declaratory judgment to determine the existence or non-existence of obligations and rights under an insurance policy even where it is necessary for the court to determine factual issues upon which the obligations and rights depend). Lutz need not set forth his potential breach of contract claim in this count with the same degree of specificity required to survive the motion for judgment on the pleadings on the contract *890 count, and, at a minimum, Lutz is entitled to have the dispute resolved as to whether the general provisions of Part VII of Chapter 627 are applicable to his out-of-state group insurance policy. Section 86.031 provides that under the Declaratory Judgment statute, "[a] contract may be construed either before or after there has been a breach of it." On the basis of the pleadings, we cannot say that the declaratory judgment sought by Lutz would serve only to "answer abstract questions" or "satisfy idle curiosity." X Corp. v. Y Person, 622 So.2d 1098, 1102 (Fla. 2d DCA 1993). Instead, the pleadings indicate that "there is a bona fide, actual, present, and practical need for the declaration sought" in Lutz's complaint. Id.
Accordingly, we affirm the order on appeal granting judgment on the pleadings in favor of Protective Life as to the breach of contract count, but reverse as to the claim for declaratory relief.
Affirmed in part, Reversed in part, and Remanded.
GUNTHER and MAY, JJ., concur.