985 So.2d 56 (2008)
Susan J. FRIEDMAN, individually and on behalf of all others similarly situated, Appellant,
v.
NEW YORK LIFE INSURANCE COMPANY, a corporation, Appellee.
No. 4D07-1744.
District Court of Appeal of Florida, Fourth District.
June 18, 2008.
Rehearing Denied July 24, 2008.
*57 Philip M. Burlington of Burlington & Rockenbach, P.A., and Jeffrey M. Liggio of Liggio, Benrubi & Williams, P.A., West Palm Beach, for appellant.
Phillip E. Stano and Jay M. McDannell of Sutherland Asbill & Brennan LLP, Washington, DC, and Melissa Allaman of Sutherland Asbill & Brennan LLP, Tallahassee, for appellee.
SHAHOOD, C.J.
This is an appeal by Susan J. Friedman from the final order granting Defendant, New York Life's Motion to Dismiss with Prejudice Plaintiff's Third Amended Complaint and Order of Dismissal. We affirm.
Appellant filed a Class Action Complaint against the New York Life Insurance Company for breach of contract and declaratory judgment. New York Life had sold a group health insurance policy to the members of the American Veterinary Medical Association (AVMA), which included Friedman. Friedman, a "standard plus 20 percent" insured (one of three premium rating groups within the AVMA policy), alleges that in April of 2001, New York Life improperly raised premiums.
At issue before this court is whether the trial court erred in dismissing appellant's complaint with prejudice in light of the decision in Lutz v. Protective Life Insurance Co., 951 So.2d 884 (Fla. 4th DCA 2007). Lutz dealt with the ability of an insured to bring an action to enforce the provisions of Florida's Insurance Code on an out-of-state policy.
*58 Under Florida's Insurance Code, Part VII of Chapter 627 regulates group insurance policies issued in the state. Pursuant to the Code, out-of-state health insurance policies issued to Florida residents must comply with the provisions of Part VII, unless exempt. § 627.6515(1), Fla. Stat. (2002). Out-of-state policies are exempt if they comply with certain mandatory provisions found in section 627.6515(2).
In Lutz, this court held that insureds may bring an action against the insurer under Chapter 627 if they can tie the alleged violations to specific statutory language and establish an entitlement to relief. 951 So.2d at 890.
Under appellant's breach of contract claim, she argues that the insurance policy does not comply with sections 627.6515(2)(a), (b), and (c), thus leaving the policy subject to the provisions of Part VII of Chapter 627. Specifically, appellant cites to six violations by New York Life's policy, indicating how each violates a part of the Florida Insurance Code.
An adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages. J.J. Gumberg Co. v. Janis Servs., Inc., 847 So.2d 1048, 1049 (Fla. 4th DCA 2003); Indus. Med. Pub. Co. v. Colonial Press of Miami, Inc., 181 So.2d 19, 20 (Fla. 3d DCA 1966) ("In contract actions, the complaint must allege the execution of the contract, the obligation thereby assumed, and the breach.").
Appellant identifies several statutory sections that have been violated by the contract, but fails to indicate how she, herself, has suffered because of these violations. Claims based on speculation do not support a private right of action: "[A] breach of contract claim based on the insurer's failure to comply with `incorporated' provisions of the Florida Insurance Code must be supported by allegations showing actual and direct damages to the insured, not merely hypothetical, speculative or potential ones." Lutz, 951 So.2d at 887. Appellant also lacks standing. United Auto. Ins. Co. v. Diagnostics of S. Fla., Inc., 921 So.2d 23, 25 (Fla. 3d DCA 2006) ("To satisfy the requirement of standing, the plaintiff must show that a case or controversy exists between the plaintiff and the defendant."). Specifically, each claim lacks factual support.
Appellant did claim that the breach caused her to suffer monetary loss in excess of fifteen thousand dollars, but fails to tie this loss to a statutory violation.
Appellant's declaratory relief claim alleges that New York Life improperly discriminated by increasing premium rates based on claimants' history/health status in violation of section 627.65625. Appellant further argues that her declaratory relief claim is identical to the one raised in Lutz. In Lutz, the insured alleged that Protective Life "unilaterally and irregularly drastically increased the approximate monthly premiums it charged" and "improperly raised premiums based on health status related factors." Id. at 888. This court allowed declaratory relief because: "According to Lutz, applying the general requirements of Part VII of Chapter 627 would give him additional rights under the policy and also would allow him to establish that Protective Life breached its contract." Lutz, 951 So.2d at 889. Once Lutz pled potentially valid claims, he was entitled to the determination of whether the general provisions of Part VII of Chapter 627 are applicable to his out-of-state group insurance policy. Id. at 890.
The premium increase appellant cites to was for her entire classification group, not based on individual health-status-related factors. In a letter concerning the rate increase, it included all insureds within a *59 specific class: "the premiums for those insureds with Standard Plus or Standard Plus 20 rates are being increased."
In contrast to Lutz, appellant did not tie her claims to specific statutory language or requirements. Britamco Underwriters, Inc. v. Cent. Jersey Invs., Inc., 632 So.2d 138, 139 (Fla. 4th DCA 1994) ("In order to bring a declaratory judgment action, there must be a bona fide dispute between the parties and an actual, present need for the declaration.") (citation omitted).
Additionally, Exhibit "D" to appellant's complaint is a letter from Jack L. Anderson, D.V.M., Trust Chair, who indicates that "the Trustees approved a rate adjustment for the May 1 renewal for all Major Medical Plans." While appellant claims that New York Life raised the premiums, exhibit "D" suggests that the trustees of AVMA did so. See Fladell v. Palm Beach County Canvassing Bd., 772 So.2d 1240, 1242 (Fla.2000) ("If an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss.").
Statutory requirements for group insurance policies can be the basis for a breach of contract action, but the claim must be properly pled. Appellant failed to properly plead a claim of injury or dispute with New York Life. Declaratory judgment is available to determine whether the general provisions of Part VII of Chapter 627 are applicable to an out-of-state policy, but only if the claimant adequately alleges a potential claim based on the application of Part VII to the policy. Appellant has not pled a valid claim.
Affirmed.
POLEN and MAY, JJ., concur.