[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11571

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2011
JOHN LEY
CLERK

D. C. Docket No. 8:08-cv-00611-SCB-TGW

PNC BANK, NATIONAL ASSOCIATION,

Plaintiff-Appellant,

versus

BRANCH BANKING AND TRUST COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 2, 2011)

Before TJOFLAT, CARNES, and HILL, Circuit Judges.

PER CURIAM:

This is Plaintiff PNC Bank, National Association (PNC)'s appeal from the judgment entered against it and in favor of Defendant Branch Banking and Trust Company (BB&T), insofar as the judgment dismissed PNC's breach of contract and gross negligence claims. Having considered the briefs and the pertinent parts of the record, and having heard oral argument, we affirm the judgment of the district court on those claims for the reasons set out in the district court's March 8, 2010 order, with one qualification.

Our one qualification concerns the district court's statement that PNC had failed to present its gross negligence claim as including the allegations that Colonial Bank (BB&T's predecessor in certain assets) had allowed the borrower, Venetian Bay, to use the loan proceeds for golf course expenditures. However, as BB&T concedes, and we have confirmed, PNC did adequately present that aspect of its gross negligence claim in the district court. Nonetheless, we affirm the district court's rejection of that claim because it lacks merit, which that court concluded in the alternative. The reason the claim lacks merit is that PNC has failed to establish that Colonial owed it any legal duty to prevent Venetian Bay from using the loan proceeds for golf course expenditures, and unless there is a duty that is breached there can be no negligence. The only basis for such a duty that PNC asserts is the participation agreement and, for the reasons explained in

the district court's order, we conclude that the participation agreement did not impose that duty on Colonial.

**AFFIRMED.**