[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13824

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 3, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:08-cv-00611-SCB-TGW

PNC BANK, NATIONAL ASSOCIATION,

Plaintiff - Appellant,

versus

COLONIAL BANK, N.A.,

Defendant,

BRANCH BANKING AND TRUST COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 3, 2012)

Before TJOFLAT, MARTIN and HILL, Circuit Judges.

PER CURIAM:

PNC Bank ("PNC") appeals the district court's award of attorneys' fees to

Branch Banking and Trust Company ("BB&T") pursuant to a Participation Agreement, governed by Florida law, which funded the construction of a residential development. After reviewing the record and the parties' briefs, we affirm the district court.

After PNC incurred large losses, it filed suit against BB&T[1] alleging breach of contract and tort claims. PNC Bank v. Branch Banking & Trust Co., 704 F. Supp. 2d 1229, 1238 (M.D. Fla. 2010). The district court found in the merits trial that 1) PNC waived its breach of contract claim as to BB&T's temporary misadministration of the loan; 2) PNC suffered no damages as a result of BB&T's mistake; and 3) the Agreement did not prohibit the use of loan funds on certain contested projects. Id. at 1239–40, 1243. The district court also rejected PNC's tort claims. Id. at 1242. This Court affirmed the district court in PNC Bank v. Branch Banking & Trust, Co., No. 10-11571 (11th Cir. Feb. 2, 2011).

BB&T then filed a motion seeking attorneys' fees under a provision of the Participation Agreement, which permits the "prevailing party" in litigation arising out of the contract "to recover reasonable attorneys' fees and court costs should an

---

[1] The predecessor to PNC, Mercantile Mortgage Corporation, and the predecessor-in-interest to BB&T, Colonial Bank, entered into the Participation Agreement in 2006 to fund construction of a residential development, Venetian Bay. PNC and Mercantile merged in 2007. After incurring substantial losses on the project, PNC filed suit against Colonial in 2008. BB&T substituted as defendant in place of Colonial in 2009. In this opinion, "BB&T" and "PNC" will be used interchangeably with their respective predecessor.

attorney be employed to enforce the terms of this Agreement." The district court granted the motion, awarding BB&T $356,090.75 in fees. PNC appeals that order.

This Court reviews interpretation of an attorneys' fee provision in a contract de novo, while "subsidiary findings of fact" are reviewed for clear error. Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000); see also Port-A-Weld, Inc. v. Padula & Wadsworth Constr., Inc., 984 So. 2d 564, 568 (Fla. 4th DCA 2008).

PNC argues that BB&T is not entitled to recover fees for its no-damages and waiver defenses, because those defenses did not "enforce the terms of the Agreement" as the contract requires. We reject this argument. First, as the parties stipulated, damages are an element of a breach of contract claim under Florida law. Friedman v. New York Life Ins. Co., 985 So. 2d 56, 58 (Fla. 4th DCA 2008). Because PNC suffered no damages, there was no breach. See Covelli Family, L.P. v. ABG5, L.L.C., 977 So. 2d 749, 752 (Fla. 4th DCA 2008) (holding immaterial breach did not constitute breach of contract). Thus, BB&T's no-damages defense clearly enforced its rights under the Agreement. Second, under Florida law, waiver relinquishes a particular contractual right. Raymond James Fin. Servs, Inc. v. Saldukas, 896 So. 2d 707, 711 (Fla. 2005). From this it follows that BB&T's waiver defense enforced the altered terms of the Agreement as they existed after

3

PNC's waiver.

PNC argues further that BB&T cannot recover fees for its economic-loss-doctrine defense because it was an extra-contractual defense. We cannot agree. The economic loss doctrine "prevent[s] parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." Indemnity Ins. Co. of N. Amer. v. Amer. Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004). Thus, the very purpose of the economic loss doctrine is to enforce a party's contract rights.

Finally, PNC contends that BB&T cannot recover fees for any losing arguments it made in defending against PNC's claim that the Agreement prohibited use of the loan funds on certain contested projects. Even though BB&T ultimately prevailed on this claim, PNC urges that BB&T cannot recover as the "prevailing party" for its unsuccessful arguments. We reject this contention as well. Under Florida law, the prevailing party is identified by its success on the overarching claims, not the individual arguments advanced. See Chodorow v. Moore, 947 So. 2d 577, 579 (Fla. 4th DCA 2007).

**AFFIRMED.**