104 So.2d 375 (1958)
Thomas K. EVANS, Appellant,
v.
Louis CARROLL, Appellee.
Supreme Court of Florida.
July 16, 1958.
*376 George L. Pink, West Palm Beach, and C. Shelby Dale, Fort Lauderdale, for appellant.
Ives, McIntosh & Davis, West Palm Beach, for Louis Carroll.
Richard W. Ervin, Atty. Gen., and Allan F. Milledge, Asst. Atty. Gen., for the State.
DREW, Justice.
The appellant, Thomas K. Evans, was elected to the office of Constable of the 4th Justice of Peace District in Palm Beach County, Florida, at the general election held on November 6, 1956, and upon the expiration of the former term on the first Tuesday after the first Monday in January, 1957, appellant assumed said office under the commission theretofore issued.
This appeal is from a final decree of the circuit court, in chancery, entered upon a second amended complaint filed on March 1, 1957, charging appellant with violating certain provisions of the election code, F.S. § 99.161, F.S.A., by failure to make proper reports of campaign contributions. The court found as a fact that appellant had wilfully or knowingly violated the law, and decreed his election to be void and the office *377 vacant under the provisions of F.S. § 104.27 (2) and (9), F.S.A., as follows:
"(2) The nomination or election to office of any person who knowingly violates the provisions of § 99.161, or whose campaign treasurer of deputy campaign treasurer knowingly violates the provisions of § 99.161, shall be void, and the nomination or office shall be filled as in other cases where a vacancy occurs.
* * * * * *
"(9) Any elector having information of any violation of § 99.161 may file a petition in any circuit court of this state in the county in which the person or persons violating said § 99.161 resides. * * * The procedure in each such case after the filing of the petition shall be the same as is provided for the prosecution and defense of a chancery case.
"It shall be the duty of the attorney general upon his receipt of a copy of the petition to act as counsel for the state, and he shall file in the proceeding such pleadings as he determines ought to be filed.
"The final decree entered by the court in each case shall make a finding of fact that § 99.161 was or was not violated, as the case may be. If the decree of the circuit court finds as a fact that § 99.161 was violated by any nominee or one elected to office, the attorney general shall send a certified copy thereof to the officer responsible for issuing the certificate of nomination or office and upon receipt of such certified copy such officer shall immediately revoke the certificate of nomination or office as may have been issued, or in case such certificate has not been issued he shall withhold the same."
The question to be determined at the outset relates to the jurisdiction of this Court to review the decision under the pertinent provision of Section 4, Article V, Florida Constitution, F.S.A.:
"§ 4. Supreme Court
* * * * * *
"(b) Jurisdiction. Appeals from trial courts may be taken directly to the Supreme Court, as a matter of right, only * * * from final judgments or decrees directly passing upon the validity of a state statute * * * or construing a controlling provision of the Florida or federal constitution * *."
The court below, in making its ruling, did not expressly refer to certain points raised by appellant going to the validity of the statute under which the proceeding was brought (Section 104.27, supra), but this fact does not alter the effect of the decree as a negative disposition of all pertinent questions properly raised by appellant. In determining analogous jurisdictional problems in review of federal questions on appeal from state courts, the controlling principle, where there is no clear or express ruling by the court below, is said to be that "there must be some affirmative showing in the record that a federal question was presented to the state court and that a decision on such question was necessary to a determination of the cause. Where this is not clearly indicated * * * jurisdiction will be declined. Lynch v. [People of] N[ew] Y[ork] ex rel. Pierson, 293 U.S. 52, 54-[5]5 [55 S.Ct. 16, 79 L.Ed. 191]; Adams v. Russell, 229 U.S. 353, 358 [33 S.Ct. 846, 57 L.Ed. 1224]; Woods v. Nierstheimer, 328 U.S. 211 [66 S.Ct. 996, 90 L.Ed. 1177]; Phyle v. Duffy, 334 U.S. 431 [68 S.Ct. 1131, 92 L.Ed. 1494]; and see Williams v. Kaiser, 323 U.S. 471, 477 [65 S.Ct. 363, 89 L.Ed. 398]." Stern and Gressman, Supreme Court Practice, p. 89.
In such cases, "We pierce the shell of the record presented for review sufficiently far to determine that our proper jurisdiction is not infringed upon or improper jurisdiction is not foisted upon us." State ex rel. Audrain County v. City of Mexico, 355 Mo. 612, 197 S.W.2d 301. See, also, Milligan v. Wilson, Fla., 104 So.2d 35. An examination of the record in the *378 instant case for this purpose fully sustains the apparent conclusion of the trial court that the constitutional questions posed are merely colorable, unrelated to the particular facts involved, and therefore present no substantial basis upon which an appeal will lie under the above cited constitutional provision.
The appellant asserts that the statute, F.S. § 104.27, F.S.A., is unconstitutional because on its face, in his view, it purports to provide that criminal penalties by fine or imprisonment (104.27, supra, subsection [1]), in addition to the invalidation of election here decreed (subsections [2] and [9]), may be imposed consequent upon a finding by equity procedure that the election laws have been violated, thus depriving an offender of trial by jury contrary to constitutional guaranties. Appellant states: "A decree of an equity court constitutes a `conviction' of a criminal offense under Section 104.27 and it is elementary that a Chancellor in equity should not be permitted to be a trier of facts to a criminal charge without the accused having waived his trial by jury. There was no such waiver here. In fact there was a demand for trial by jury which was never granted. The fact that the Chancellor did not impose a fine or sentence in this instant case is of no consequence. Under Sections 104.27(1) he could have, as well as declare the office vacant as an additional penalty, which he did do under 104.27(2)."
The obvious answer to this reasoning is that, whether or not the statute is susceptible of any such construction, no effort has been made in this case to apply criminal sanctions against appellant, and he has been subjected only to the procedure prescribed by subsection (9) of the statute in question. No argument is addressed to the propriety of adjudicating an ouster in such a proceeding, and we do not now consider the point. But see Buckman v. State ex rel. Spencer, 34 Fla. 48, 15 So. 697.
The argument above delineated, and the remaining contention that the election code unconstitutionally denies a candidate the right to use legal tender to meet campaign expenses, are, in the situation at bar, mere abstract issues not related to the particular facts of this case. Cf. Smith v. Ervin, Fla., 64 So.2d 166. Such questions are not, of course, cognizable in a contest of statutory validity on constitutional grounds, and presented no substantial issue requiring disposition by the court below. 2 Fla.Jur., Appeals, Sec. 291, and cases cited; 16 C.J.S. Constitutional Law § 94. An adverse ruling thereon cannot be said to be inherent in the decision (see Hunter v. Hunter, 355 Mo. 599, 197 S.W.2d 299; State ex rel. Houser v. St. Louis Union Trust Co., Mo., 248 S.W.2d 592), and the decree is not, therefore, one "directly passing upon the validity of a state statute" or "construing a controlling provision of the Florida or federal constitution". Art. V, Sec. 4, supra.
All other points raised relate to matters within the ordinary appellate jurisdiction of the district courts. In accord with 31 F.S.A. Rule 2.1, subd. a(5) (d), Florida Appellate Rules, the notice of appeal and all other papers filed herein shall at the expiration of five days from the filing of this opinion be transferred to the District Court of Appeal of Florida, Second District.
It is so ordered.
TERRELL, C.J., and HOBSON, THORNAL and O'CONNELL, JJ., concur.