116 So.2d 632 (1959)
P.C. LISSENDEN CO., Inc., a Florida Corporation, and Standard Accident Insurance Company, a Michigan Corporation, Appellants,
v.
BOARD OF COUNTY COMMISSIONERS OF PALM BEACH COUNTY, Florida, for the Use and Benefit of GRAYBAR ELECTRIC COMPANY, a New York Corporation, Appellee.
Supreme Court of Florida.
December 2, 1959.
Rehearing Denied January 12, 1960.
*633 Ronald Sales and Fulton, Sullivan & Burns, West Palm Beach, for appellants.
Paty, Downey & Daves and Joel T. Daves, III, West Palm Beach, for appellee.
DREW, Justice.
This appeal comes to this Court from the trial court under the provision of the Constitution providing for a direct appeal from any judgment of a trial court directly passing upon the validity of a state statute.[1]
The Board of County Commissioners of Palm Beach County entered into a contract with P.C. Lissenden Co., Inc., a corporation, as general contractor, to remodel the Palm Beach County Courthouse. The contractor, in accordance with a requirement of the statute,[2] executed the usual penal bond containing the additional provision for the payment of all costs of labor, material and supplies used directly or indirectly in the prosecution of the work provided for in the contract. J.C. Hime Electric Company was the sub-contractor for the electrical work and Graybar Electric Company was the materialman furnishing electrical supplies and equipment. Hime Electric failed to pay for a considerable quantity of electrical equipment and supplies which, it is conceded, actually were incorporated into the project, whereupon Graybar instituted suit against the general contractor, the surety and Hime Electric, basing its cause of action upon the bond so executed. Judgment therefor was directed and entered in its favor.
The validity of the statute was raised for the first time in two affirmative defenses presented by the defendants. These defenses alleged that Chapter 255.05, Florida Statutes, F.S.A., violates Section 12 of the Declaration of Rights of the Florida Constitution and the Fifth and Fourteenth Amendments to the Constitution of the United States because said statute deprived the defendants of their property without due process of law, and that said Chapter violates Section 17 of the Declaration of Rights of the Florida Constitution and Section 10 of Article I of the United States Constitution "as impairing the obligation of contracts." The filing of this defense is the first mention of the statute in these proceedings. The only other reference is found in the order of the trial judge on a motion for summary decree where, in paragraph 5, he held "that Statute 255.05 under which Graybar Electric Company seeks to recover upon the performance bond is constitutional."
The cause of action in this case does not arise out of the statute but out of the performance bond.[3] The amended complaint *634 is upon the bond and the contract made a part thereof and not upon the statute. Whether the statute is constitutional or not under the facts in this case is immaterial. Such question, although raised and expressly passed upon by the trial court, is neither dispositive of this litigation nor is it material in any way to a determination of the cause of action alleged in the complaint.
The performance bond was required not only by the statute but by the express terms of the contract entered into between the County and Lissenden. By its terms, the bond was for the benefit of Graybar and others furnishing labor and materials.[4] It is obvious, of course, from reading the statute that it imposes a duty upon those public bodies awarding contracts of this kind, before allowing the work to proceed, to secure not only the penal bond but a bond with the additional provisions for the payment of labor and materials. The reasons for such requirements have been amply delineated in previous decisions of this Court,[5] and we have said that if the public body fails to make such requirement of the contractor and a materialman is injured thereby, he has a cause of action against the members of the public body for damages arising therefrom.[6] The statute further provides that such public body shall, upon affidavit being furnished, deliver to a person for whose benefit the bond is executed a copy thereof and of the contract and that such person may institute suit in the name of the state or other public body to recover for any unpaid materials or labor actually furnished and incorporated in the work.[7] *635 This statute is not essential to a cause of action in a materialman where the bond has been actually posted nor would the lack of such a statute be an impediment to a public body requiring a bond with the provisions therein provided for.
While the statute authorizes the institution of a suit in the name of the state or any other public body for the benefit of the injured party, that provision is not essential to such cause of action. Under our rules[8] an action may always be prosecuted in the name of the real party in interest. So it is quite clear from this record that, while the validity of this statute was raised by the appellant and actually passed upon by the trial court, it was not only not determinative of the issues or essential to the disposition thereof, but such question was wholly immaterial to the determination of the merits of the action. Therefore that portion of the judgment appealed which purports to pass upon the validity of the cited statute is obiter dictum and is hereby held for naught.
The foregoing conclusion, that the action of the trial court in passing upon the validity of the statute was unnecessary to a determination of the cause, brings us squarely to the issue of whether, having thus eliminated that part of the trial court's judgment upon which the direct appeal to this Court was predicated, we should proceed to determine the remaining issues involved in the appeal or transfer the cause to the proper district court of appeal. In a previous case, Evans v. Carroll,[9] the latter procedure was followed in a somewhat analogous situation upon the theory that the questions raised with reference to the validity of the statute were "merely colorable, unrelated to the particular facts involved,"[10] and the decree appealed, which did not contain an express ruling on the contested statute, could not therefore be regarded as one "directly passing upon the validity of a * * * statute"[11] so as to permit consideration and disposition of the merits of the appeal by this Court.
We think, however, that the principles applied in that situation do not control the instant case. Since the decision in the Carroll case, and since argument before the Court in this cause,[12] numerous conferences have contributed to a thorough and painstaking review, by the individual members of the Court, of the constitutional questions involved in this and related causes.[13] These deliberations, which necessarily chart the course for future appeals in this area of jurisdiction, and the intervening summer recess, have resulted in a longer delay than would ordinarily be justified in the disposition of these appeals.
The Court has reached the conclusion that the language of the Constitution[14] confers upon a litigant in the trial courts of this state the right to appeal to the Supreme Court an adverse final judgment or decree such as that here involved which on its face passes upon the validity of a state statute, and that when that right is exercised by the litigant then this Court, under the cited provision of the Constitution, has jurisdiction of and should determine the appeal even though in its consideration of the case it is decided that the action of the trial court, in passing upon or expressing *636 an opinion upon the jurisdictional issue of statutory validity, was unnecessary to the disposition of the cause. The reasoning and practical analysis supporting this conclusion have been carefully examined in cases arising under similar constitutional requirements.[15] The widely endorsed principle that the constitutional or statutory issue must be an essential element in the litigation, in order to support appellate review on this ground,[16] is thus a prima facie test, the ultimate requirement being that there should exist a genuine issue, fairly and in good faith presented, as to the validity of the statute in controversy and its applicability in the case under consideration.[17] Upon appeal from a judgment rendered in this situation, an exercise of the constitutional jurisdiction of this Court is necessarily involved whether or not the view of the trial court on the point is sustained. Universally recognized principles of appellate review then require that a court, exercising jurisdiction over a cause to this extent, should proceed to dispose of all questions properly presented in the appeal. Moreover, the efficient and speedy administration of justice is thereby promoted, and any part of the opinion in the Carroll case, supra, which may be construed to be in conflict with these conclusions is receded from.
We have considered in detail the other points raised in the appeal, relating primarily to the interpretation of the evidence in the cause and are of the view that the judgment rendered is without error.
Affirmed.
TERRELL, ROBERTS, THORNAL and O'CONNELL, JJ., concur.
THOMAS, C.J., and HOBSON, J., dissent.
THOMAS, Chief Justice (dissenting).
As is noted at the outset of the majority opinion, this appeal reaches this court under the provision of Sec. 4(2), Art. V of the Constitution, F.S.A., for direct appeal to the Supreme Court "as a matter of *637 right" from judgments of trial courts passing directly "upon the validity of a state statute * * *."
In the circuit court a complaint was filed by the appellees demanding judgment against the appellants and alleging that P.C. Lissenden Co., Inc., as principal, and Standard Accident Insurance Company, as surety, had become bound in the sum of $599,000 conditioned on the performance by the former, of a contract for the remodeling of the Palm Beach County Court House.
Evidently the execution of the bond was prompted by Sec. 255.05, Florida Statutes 1955, F.S.A., for the principal and surety, defendants in the circuit court and appellants here, in their affirmative defenses, charged that the law was unconstitutional because it contravened Section 12 of the Declaration of Rights of the Constitution of Florida and the Fifth and Fourteenth Amendments of the Constitution of the United States inasmuch as it operated to deprive them of property without due process of law and, furthermore, they asserted that the act offended Section 17 of the Declaration of Rights of the Constitution of Florida and Section 10, Article I of the Constitution of the United States for the reason that it worked an impairment of the obligation of contracts.
The cause proceeded upon depositions and pleadings until a motion was made for the entry of a summary judgment against the defendants. Then the circuit judge made the definite, unequivocal ruling "[t]hat Statute 255.05, under which Graybar Electric Company [the real party in interest] seeks to recover upon the performance bond is constitutional."
Eventually the issue of damages was submitted to a jury with the result that a verdict was rendered in favor of the plaintiff. From the consequent judgment an appeal was brought to this court by virtue of the constitutional provision quoted in the beginning.
In the assignments of error it was asserted that the court erred, in the summary final judgment, by holding that Sec. 255.05, supra, was constitutional hence did not deprive the appellants of property without due process of law or impair the obligation of contract.
When the appellants filed their brief they posed the question whether or not Sec. 255.05, supra, impaired the freedom of the general contractor, the principal on the bond, to contract or deprived it of property without due process of law in violation of the parts of the Federal and State Constitutions to which there has already been allusion.
The appellee, in its brief, not only accepted this question as one for determination by this court but blessed it in this language: "The point is fairly stated, putting in issue the constitutionality of the statute under which Plaintiffs have proceeded and procured their judgment."
To my view, the history of this litigation as it has been detailed manifests the submission to the trial court, and to this court, of the question whether or not Sec. 255.05, supra, is constitutional. How such a question could more effectively have been presented, I cannot understand. Yet, in the majority opinion the position is taken that the constitutionality or unconstitutionality of the statute is immaterial "in any way" to the disposition of this litigation. The attorneys representing the parties litigant as well as the trial judge held a contrary idea and I quite agree with them. This view, that the validity of the statute is inconsequential, was developed in this court, by this court, after the case was originally presented on the merits by counsel who presented and counsel who accepted the question and the thought is, therefore, in my opinion, purely gratuitous.
It seems to me illogical to hold, as appears in the majority opinion, that the contractor furnished the bond "in accordance with a requirement of the statute" *638 and then say that the statute had nothing to do with the case.
It may be that the bond could have been required regardless of the existence of the statute, but the converse is certainly not true, namely, that the county could have properly proceeded without a bond despite the mandate of the statute. Had the county commissioners failed to require the bond then they would have become personally responsible. Warren for Use and Benefit of Hughes Supply Co. v. Glens Falls Indem. Co., Fla., 66 So.2d 54.
In the instructions to bidders made a part of the specifications which were by reference incorporated in the contract and in the bond appeared the notice that the successful bidder would be required to furnish a bond.
Even if the bond had not been required by the specifications made a part of the contract by reference, I think the statute became a part of the contract under our decisions that laws subsisting "at the time and place of the making of a contract, and where it is to be performed, enter into and become a part of the contract made * * *." Humphreys v. State ex rel. Palm Beach Co., 108 Fla. 92, 145 So. 858, 861. State v. City of Pensacola, Fla., 40 So.2d 569.
It is a general rule, recognized by this court, that when "parties contract upon a subject which is surrounded by statutory limitations and requirements, they are presumed to have entered into their engagements with reference to such statute, and the same enters into and becomes a part of the contract." (Italics supplied.) Citizens Ins. Co. v. Barnes, 98 Fla. 933, 124 So. 722, 723.
After studying the record in this case I have formed the firm opinion, with the aid of prior decisions on the subject, that the statute under attack was imbedded in the contract; that its validity was inextricably incorporated in the issues presented to the circuit court; that these issues are now properly before this court; and that this court should not shun the responsibility of deciding the point.
It is my conviction, in other words, that the prime, controlling factor determinative of the power of this court to entertain and decide the controversy is the nature of the question relative to the validity or invalidity of the challenged statute. If it is real and substantial, this court's power can attach, if not, it cannot. That is what, in effect, was announced in Evans v. Carroll, Fla., 104 So.2d 375, and it is impossible for this writer to distinguish between that case and this one. Nor is it possible to ascertain from the reference in the majority opinion to the decision in Evans v. Carroll, supra, whether or not it is now proposed to depart from the sound conclusion reached in that case.
To repeat, on this phase of the litigation it is my firm view that the court is obligated to entertain, discuss and decide whether or not Sec. 255.05, supra, is valid.
In the event it is concluded by a majority of the court that the question of the validity of the challenged statute should be disregarded, I am at complete loss to comprehend by what theory the case should be retained instead of being sent to the District Court of Appeal. Obviously, if the constitutional question is eliminated, the remaining issues are within the jurisdiction of that court. Let us suppose that when the circuit court heard and adjudicated the litigation no question of the validity of the act had been presented, considered or decided. Could there be possible doubt that the appeal would have had to go to the District Court of Appeal? This rhetorical question is attempted to be answered on the tenuous theory that if the appeal was launched at the circuit court because of the ruling on the constitutionality of the act it could make no difference that when it landed here the constitutional question was found to be *639 "wholly immaterial to the determination of the merits of the action."
Such reasoning jars my sense of logic and, in my opinion, is utterly inconsistent with recent rulings of this court on the subject. It seems to be the theory of the majority opinion that because, under the provisions of the Constitution first quoted, the litigant has the "right" to appeal straight to this court from a judgment passing directly upon the validity of a statute, the taking of the appeal fixes the jurisdiction of this court and ends the question of the power of this court to act. Such, surely, cannot be the case. The right of the litigant and the power of the court complement each other, but the court is the final arbiter of its own jurisdiction as will be presently demonstrated.
I am unable to see how such a question may be sufficient as a vehicle to transport the litigation to this court and cause our jurisdiction to vest, the while being totally immaterial to the disposition of the litigation. The only way the appellants could have reached here, in this case, was by appeal from a decision "directly passing upon the validity" of Sec. 255.05, supra, and the only way they could stay here was for this court to fasten its jurisdiction on the whole case because of the substantiality of the basic question of the statute's constitutionality. Evans v. Carroll, Fla., 104 So.2d 375; State v. Bruno, Fla., 104 So.2d 588; City of Miami v. Steckloff, Fla., 111 So.2d 446.
The soundness of the question to call forth exercise of this court's power to decide controversies is measured here for the court is always responsible for the determination of its own jurisdiction. State ex rel. B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175; Bohlinger v. Higginbotham, Fla., 70 So.2d 911; State ex rel. Diamond Berk Ins. Agency, Inc. v. Carroll, Fla., 102 So.2d 129; City of Miami Beach v. State, Fla.App., 109 So.2d 599.
The thought that there can be some dissociation between the right of the litigant to appeal and the power of this court to retain and determine is as novel, in my opinion, as it is unsound. True, a litigant may appeal in certain matters but exercise of the right, regardless of how sound the one taking the appeal may consider it, does not establish our jurisdiction.
If the validity of the statute is not adjudicated here, this court should not usurp the power of the district court to act, but should transfer the cause to that court for disposition. Rule 2.1, subd. a(5) (d), Florida Appellate Rules, 31 F.S.A., Evans v. Carroll, and City of Miami v. Steckloff, both supra.
With the practical application of the principles announced in the cases cited, as well as the procedure intended by the rule, all members of this court are familiar. On every motion day a long list of cases is examined for the sole purpose of determining whether or not in each case the jurisdiction of this court can be exercised.
In summary, I have the opinion that the court should pass on the constitutionality of the act, but that if it does not because it is felt the law has nothing to do with the litigation, the court then disavows its own jurisdiction and should transfer the cause to the District Court of Appeal.
HOBSON, J., concurs.
NOTES
[1] "Appeals from trial courts may be taken directly to the supreme court, as a matter of right, only * * * from final judgments or decrees directly passing upon the validity of a state statute * * or construing a controlling provision of the Florida or federal constitution. * *" Section 4(2), Article V, Florida Constitution, F.S.A.
[2] Section 255.05 F.S. 1955, F.S.A.
[3] The pertinent portion of the complaint in the cause reads as follows:

"2. * * * the Board of County Commissioners of Palm Beach County, Florida, and the Defendant, P.C. Lissenden Co., Inc., entered into a written contract whereby the said Defendant agreed to furnish labor and materials as general contractor and perform work necessary for the remodeling of the Palm Beach County Court House. * * *"
"3. * * * the Defendant, P.C. Lissenden Co., Inc., as principal, and the Defendant, Standard Accident Insurance Company, as surety, bound themselves jointly and severally in the sum of $599,000.00 conditioned that the principal should promptly make payment to all persons supplying labor and materials in the prosecution of the work provided for in the contract, then the said obligation would be void, otherwise to remain in full force and effect. * * *
* * * * *
"5. J.R. Hime Electric Company, a Florida corporation, was subcontractor on the said Court House job and * * * Plaintiff, Graybar Electric Company, Inc., supplied materials of an electrical nature required by the contract to, and at the request of, the said J.R. Hime Electric Company in the sum of $24,927.89. The said materials were used in the prosecution of the work on the said Court House under the said contract * * *.
"6. * * * there is due and owing from the said Defendant, J.R. Hime Electric Company, to Plaintiff, Graybar Electric Company, Inc., the sum of $17,288.30 for materials furnished as aforesaid and the said Defendant, J.R. Hime Electric Company, has failed and refused to make payment to Plaintiff, Graybar Electric Company, Inc., for the said materials, although demand has been made.
"Wherefore, Plaintiff demands judgment against Defendants in the sum of $17,288.30."
[4] The bond provided:

"* * * the conditions of this obligation are such, that * * * if such `Contractor or Contractors' shall promptly make payment to all persons supplying him, or them, or its, labor, material, and supplies, used directly or indirectly by said `Contractor', `Contractors', `Sub-contractor' or `Sub-contractors', in the prosecution of the work provided for in said Contract, then this obligation to be void; otherwise, to be and remain in full force, effect and virtue in law."
[5] Fulghum v. State, 1926, 92 Fla. 662, 109 So. 644; Warren for Use and Benefit of Hughes Supply Co. v. Glens Falls Indem. Co., Fla. 1953, 66 So.2d 54.
[6] Warren for Use and Benefit of Hughes Supply Co. v. Glens Falls Indem. Co., supra, note 5.
[7] The exact language is:

"* * * and any person, making application therefor, and furnishing affidavit to the treasurer of the state, or any city, county, political subdivision, or other public authority, having charge of said work, that labor, material or supplies for the prosecution of such work has been supplied by him, and payment for which has not been made, shall be furnished with certified copy of said contract and bond, upon which, said person, supplying such labor, material or supplies shall have a right of action, and may bring suit in the name of the state, or the city, county, or political subdivision, prosecuting said work, for his use and benefit, against said contractor, and sureties. * * *" F.S. § 255.05, F.S.A.
[8] Florida Rules of Civil Procedure, Rule 1.17, 30 F.S.A.
[9] Fla., 104 So.2d 375.
[10] Ibid., 104 So.2d at page 378.
[11] Note 1, supra.
[12] This case was argued orally on the merits and on sua sponte order was reargued on the question of whether this Court had jurisdiction in the cause in the event it should determine that the statute upon which the court passed directly was not germane to the disposition of the case.
[13] See North American Company v. Green, Fla., 120 So.2d 603, filed this date.
[14] Note 1, supra.
[15] "It has been suggested that our exclusive jurisdiction will be defeated whenever the case assumes such a condition that it may be disposed of on some other point than that involving the consideration of the Constitution of the United States or of this state. This point is very well answered by the Supreme Court of the United States in Holder v. Aultman, 169 U.S. 81, 18 S.Ct. 269, 42 L.Ed. 669, in which the court determined that it had jurisdiction under the provision of the judiciary act because the case involved the construction of the Constitution of the United States, but found it unnecessary to pass upon the constitutional question because it was of the opinion that the contract involved was not within the statute set up by the defendant. So in this case we may hold that it involves the construction of the Constitution and assume jurisdiction accordingly without hesitation. We may then decide, should it become necessary in the exercise of that jurisdiction, that the statute about which the contest has thus far gathered has no application to the question presented.

* * * * *
"We think that the question whether or not the plaintiff has been deprived by the judgment of the circuit court of a constitutional right is not a fictitious one; that it appears from this record that it was fairly and in good faith presented to the court and was decided against her; and that it is now properly before us for consideration, in the exercise of that branch of our jurisdiction relating to cases involving the construction of the Constitution of the United States and of this state." Dorrance v. Dorrance, 242 Mo. 625, 646, 148 S.W. 94, 98.
[16] "It must appear, however, with reasonable certainty that a correct interpretation * * * of the challenged statute is vital to a just determination of the litigation." 2 Am.Jur. 852, App. & Err. Sec. 13.
[17] Pennington v. Farmers' & Merchants' Bank, 144 Tenn. 188, 231 S.W. 545, 17 A.L.R. 1213; City of Milan v. Allen, Mo., 175 S.W. 933; Stanley v. St. Louis, I.M. & S.R. Co., 254 Mo. 237, 162 S.W. 240. Cf. Bolin v. Sovereign Camp., W.O.W., 339 Mo. 618, 98 S.W.2d 681; 21 C.J.S. Courts § 404, p. 656.