DREW, Justice
(dissenting).
It is indisputable that the decree in this case permanently enjoined the enforcement of portions of F.S. Chapter 480, F.S.A., against the plaintiffs, appellees in this Court, and that such equitable relief must be predicated on a decision, one, that the statute did not in terms apply to plaintiffs, or, two, that insofar as it did so apply it was unconstitutional and invalid. In the face of the plain words of the law, involving no ambiguity susceptible of construction, and the recognition of same by the parties implicit in their exclusive reliance on constitutional infirmities, the decision cannot in my opinion be regarded as one construing the statute to be inapplicable and must, therefore, constitute a direct ruling on the validity of the controverted provisions, regardless of confusion in the language used by the court.
The real confusion, I think, lies in the attempt to distinguish the legal effect of a decision holding a statute unconstitutional as applied to specific facts from that of a decision holding a statute unconstitutional vel non. Historical limitations on judicial power to nullify legislative acts for constitutional transgression would not in any case I can foresee permit a decision upon statutory validity in the abstract or upon any consideration other than its application in a certain case. Courts can pass on the constitutionality of a statute “only as it applies and. is sought to be enforced in the determination of a particular case before the court, for the power to revoke or repeal a statute is not judicial in its character.”[1] A decision that a statute in particular circumstances collides with constitutional inhibitions may, of course, deprive it of all or only part of its effect, depending on issues of separability, etc., and the collision or violation may be plain from the terms of the law in controversy *687 or from such terms only as they operate or apply in the particular case.[2] The adjudication, however, of validity or invalidity in every such case is a decision passing upon the validity of the statute as applied to the facts at bar,[3] unless of course, the court ultimately concludes that the terms of the law can be construed as inapplicable to such facts, in which event the constitutional issue is not decided.
While the language of the opinion in Stein v. Darby, Fla.1961, 134 So.2d 232, purports to make the distinction for which it is cited in the majority opinion, the decision itself can be explained as one merely determining district court jurisdiction to entertain an appeal from a trial court order not actually passing on a constitutional issue, raised by motion to dismiss, but dismissing the complaint in a situation where the controverted statute might have been construed as insufficient to support the action because of the potential constitutional objection.[4] The district court in that case did treat the constitutional issue and reverse on that ground, hut upon certification here for review by certiorari the only issue actually decided was, as stated, the district court’s jurisdiction to review the trial court ruling.
The decision in the instant case, for reasons above, is not one construing the statute to be inapplicable, and the record does not, as it has in previous cases,[5] indicate alternative theories upon which the case could have been decided so as to authorize remand for clarification. Moreover, the Constitution, Article V, Sec. 4, F.S.A., provides that “appeals * * * may be taken directly to the supreme court as a matter of right * * * from final judgments or decrees directly passing upon the validity of a state statute * * The test is the effect of the decree of the trial court.[6] The effect of the decree with respect to the pertinent inquiry under the Constitution must be determined by this Court. This is the plain requirement of the Constitution and any other construction would lead to a strange situation indeed. It was never intended that a trial court could alter the effect of a final judgment or decree with respect to this jurisdictional question merely by a statement that he did or did not directly pass on the validity of a pertinent statute. A certificate from the *688 trial court to the effect that the trial judge did not in this case pass upon the validity of the statute would not in any respect alter my views that this was the direct effect of his decree. How it could possibly do so escapes me.
The Bar of the State should not be faced with the constant dilemma of trying to determine which of the appellate courts has jurisdiction to review a judgment or decree of this nature. Each litigant has the constitutional right to invoke this Court’s jurisdiction “as a matter of right” when a trial court passes on the validity of a state statute either affirmatively or negatively; that is to say, when the inquiry in the litigation is pertinent and he rules that it is either valid or invalid.
I, therefore, respectfully dissent and would dispose of this case forthwith on the merits.
ROBERTS, C. J., and HOBSON (Ret.), J., concur.

. Florida cases collected 6 Fla.Jur. 330, Const.Law Sec. 72.

. Cooley, Const.Limitations, 2nd ed., Vol. 1, 366, 383.

. The principle that rulings on constitutional issues will be made or implied only when truly essential, or when the cause cannot be properly disposed of on any other theory, would bolster this interpretation of the trial court ruling considered in the Stein case. Restriction of the issues in the case in this Court was also fully justified by their premature status in litigation still pending below.

. In State v. Bruno, Fla.1958, 104 So.2d 588, there was a motion to quash an information on five grounds, only one of which asserted the unconstitutionality of a pertinent statute. The trial court sustained the motion to quash but gave no reasons for doing so. Under these circumstances, it could not be determined whether the trial court had directly passed upon the validity of the questioned statute. This Court commented upon the firmly imbedded principle that a court should not pass upon the validity of a statute if the case could be determined on any other grounds and then stated: “This leads to the conclusion that we cannot and must not assume that the trial court in this case directly passed upon the validity of [the questioned statute].” Under such circumstances this Court then ordered the case returned to the trial court “for the sole and only purpose of having the trial court enter an order setting forth therein the grounds upon which it granted the motion to quash the information.”

.In Harrell’s Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, Fla. 1959, 111 So.2d 439, this Court said: “this fact [that the trial court did not expressly rule on the validity of the act] does not alter the effect of the decree as a negative disposition of all pertinent questions properly raised.” To the same effect see Evans v. Carroll, Fla.1958, 104 So.2d 375.