ALDERMAN, Chief Judge.
This appeal is brought by the plaintiff following orders dismissing with prejudice Count I of its second amended complaint for failure to state a cause of action, dismissing the action as to certain defendants, and entering final summary judgment in favor of the remaining defendants.
We conclude that the trial court initially and directly passed on the validity of a *575 state statute, and that the Supreme Court of Florida has jurisdiction of this appeal pursuant to Article V, Section 3(b)(1), Florida Constitution. Both counts of the second amended complaint included or incorporated the following language:
[T]he plaintiff alleges that § 537.05 is unique in the field of regulatory legislation controlling the conduct of brokers. That no other form of brokerage business is subjected to such a requirement or to the consequential deprivation of the right of compensation where said statute is not complied with. The statute is, therefore, unfairly discriminatory against yacht brokers and the plaintiff herein and is violative of Article II of the Florida Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.
The trial judge did not specifically mention Section 537.05 nor its validity, “but this fact does not alter the effect of the decree as a negative disposition of all pertinent questions properly raised by appellant.” Evans v. Carroll, 104 So.2d 375, 377 (Fla.1958). If Section 537.05 had been declared void by the trial court in concurrence with the plaintiff’s pleadings, neither dismissal nor summary judgment would have been appropriate because the parties may then have had a valid contract. The statutory issue was a genuine and essential element in the litigation, a decision on the validity of the statute was necessary to a determination of the cause, and therefore a finding of validity was inherent in the orders of the lower court from which this appeal is brought. P. G. Lissenden Co., Inc. v. Board of County Commissioners of Palm Beach County, 116 So.2d 632 (Fla.1959); Harrell’s Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla.1959). This appeal is transferred to the Supreme Court of Florida pursuant to Fla.App. Rule 2.1, subd. a(5)(d).
DREW, E. HARRIS (Retired), and STET-TIN, HERBERT, Associate Judges, concur.