ANDREWS, Judge.
This is an appeal from an order of the County Judge’s Court of Pinellas County awarding guardian fees to the City Bank and Trust Company of St. Petersburg, as Guardian for Gay Poling, and attorney’s fees to the attorney for the Guardian, •Charles R. Holley.
Gay Poling was adjudicated physically incompetent on April 23, 1959, and thereafter City Bank and Trust Company of St. Petersburg was appointed Guardian. The Guardian retained the services of Charles R. Holley as its attorney.
Gay Poling was severely injured in 1956 while employed as a light and power switchboard operator for the City of Cleveland, Ohio. The inventory of the Guardian showed that he had assets of the value of approximately $4,400.00, and in addition a note and mortgage held for collection by a bank in Ohio with a balance due of $11,-206.10. He was drawing a Public Employees Retirement pension from the State of Ohio in the amount of $105.70 per month, and had an outstanding claim for compensation with the Ohio Workmen’s Compensation Bureau in the amount of $3,703.00, which was awarded prior to his order of 'incompetency. Such amount represented unpaid temporary disability and medical benefits. The Bank, as Guardian, collected *53 the amounts received each month, and made disbursements for the benefit of the ward.
On January 9, 1960 the attorney for the Guardian filed an additional claim in behalf of the ward under the Workmen’s Compensation laws of Ohio.
On July 22, 1960 Gay Poling was declared competent, and the Guardian ordered to make a final report and to turn over the property to Mr. Poling. The attorney for the Guardian continued to pursue the claim with associate counsel in Ohio in behalf of Mr. Poling as a result of which he was awarded total and permanent disability benefits commencing June 2, 1961 for life at the rate of $40.25 a week and payment of previously incurred medical expenses through June 6, 1963 in the amount of $19,-780.38. The order further provided that all future medical and nursing expenses would also be paid. Evidence was considered by the court to the effect that the value of this award on the basis of Poling’s life expectancy would amount to in excess of $67,000.00.
The court on July 26, 1963, approximately three years after Poling was declared competent, entered an order awarding guardian fees to the City Bank and Trust Company in the amount of $4,500.00, and attorney's fees to Charles R. Holley in the amount of $11,800.00. The order recited that the delay of the Guardian and its attorney in winding up the affairs of the guardianship proceedings was with the tacit approval and agreement of Poling, and that, therefore, the time was not unreasonable.
The question for determination is the authority of the County Judge to award fees to guardians and attorneys for guardians in guardianship proceedings for services rendered after the ward was declared competent. Florida Statutes Annotated § 745.32 and 745.33, F.S.A. provides that the County Judge shall allow fees for services to guardians and attorneys for guardians for services rendered in behalf of the ward. This provision cannot be interpreted to authorize payment for services rendered to the ward after he is declared competent. Upon Poling’s being declared competent he was free to make any arrangement he desired, either with the attorney who had represented the Guardian or with other counsel, or to abandon said efforts if he so elected.
Other questions raised by this appeal have been considered, and in view of the holding it is not necessary to rule thereon.
Accordingly, the order entered July 26, 1963 allowing fees to City Bank and Trust Company of St. Petersburg, as Guardian of Gay Poling and Charles R. Holley as attorney for the said Guardian is reversed with instructions to enter an order allowing reasonable fees for services rendered up to the date the ward was declared competent, and for such other services reasonably necessary to close out said guardianship.
Reversed with directions.
SMITH, C. J., and KELLY, CLIFTON M., Associate Judge, concur.