NESBITT, Judge.
After the death of her parents in an airplane accident, a guardianship was commenced on behalf of Leslie Elise Bird. Litigation for the wrongful death of her parents and her own injuries resulted in a substantial settlement for Leslie, the proceeds of which partially funded the guardianship. Upon reaching the age of majority, Leslie set up a trust and sought to transfer the guardianship assets. Prior to the complete distribution, the trustee filed a petition which alleged that the guardian had mismanaged the ward’s assets by failing to marshal a referral fee paid to the guardian’s husband and brother-in-law by the attorney who handled the wrongful death action. Following dismissal of the petition, the attorneys for the guardianship filed a motion for their fees which included amounts expended in defending against the trustee’s petition. From an award of fees against the trust, the trustee appeals and the attorneys cross-appeal challenging the inadequacy of the fee. We affirm the trial court’s ruling.
The first issue raised by the trustee is that the estate may not be charged attorneys’ fees where the services rendered -were for the benefit and protection of the guardian. This blanket rule which the appellant urges us to adopt would in effect require the guardian to defend against all claims relating to his fiduciary capacity at his own expense. Such a rule would hardly make it conducive for one to serve as a court-appointed fiduciary. Moreover, as a matter of *332 policy, the enhanced risk would require a greater fee to be paid the guardian, the end result of which would be to diminish the estate. Nonetheless, there may be circumstances where the guardian of the property, even though successful against a claim, would not be entitled to charge the estate for fees expended. Looking to the facts presented here, we find that this is not such a case.
The order of settlement in the wrongful death action authorized payment of attorneys’ fees directly to the attorney who handled the litigation, leaving a net proceed for the ward. The questioned referral fee was paid from the attorney’s portion of the settlement, and not from the ward’s net proceeds. Furthermore, the fees which were awarded were customary and usual. For all of these reasons, the trial court dismissed the petition, finding that the guardian was not guilty of mismanagement or other wrongdoing as charged by the trustee. Because we find that the trustee’s claim was substantially without merit, we conclude that the attorney for the guardian is entitled to fees under section 744.424(1), Florida Statutes (1981).
The second contention raised by the trustee is that the probate court erred in awarding fees for services rendered after the ward attained majority status. While it is true that upon reaching the age of majority, Leslie was free to contract with any other attorney, this does not relieve her from responsibility for expenses legitimately incurred in closing out the estate. Poling v. City Bank & Trust Co. of St. Petersburg, 167 So.2d 52 (Fla. 2d DCA 1964).
Finally, the trustee argues that the fees were improperly charged against the trust assets rather than the guardianship. Although section 744.521, Florida Statutes (1981) and Florida Rule of Probate and Guardianship 5.680(c), construed together, direct a guardian to withhold from distribution sufficient assets to defray the costs of winding up the guardianship, this does not preclude an award from being collected out of the trust. After all, the funds of a guardianship' are nothing more than trust funds. Beck v. Beck, 383 So.2d 268 (Fla. 3d DCA 1980). As long as the award represents legitimate expenses incurred in winding up the estate, it must be borne by the ward from any entity over which the court has jurisdiction.
Having determined that attorneys’ fees could properly be awarded for the services rendered and could be awarded from the trust assets, we adhere to the well-established rule that the amount of compensation awarded is discretionary with the trial judge and his determination will not be disturbed where there is substantial competent evidence to support the award. Gamse v. Touby, 382 So.2d 115 (Fla. 3d DCA 1980). Accordingly, we reject the cross-appellee’s contentions pertaining to the amount of the award.
Affirmed.