770 So.2d 167 (2000)
Emma RAGSDALE, Appellant,
v.
MOUNT SINAI MEDICAL CENTER OF MIAMI, Appellee.
No. 3D99-2118.
District Court of Appeal of Florida, Third District.
August 2, 2000.
Rehearing and Rehearing Denied November 8, 2000.
*168 Scott Trell, for appellant.
Womack, Appleby & Brennan, P.A., and Eric Colburn Sage, Ft. Lauderdale, for appellee.
Before JORGENSON and SORONDO, JJ., and NESBITT, Senior Judge.
Rehearing and Rehearing En Banc Denied November 8, 2000.
JORGENSON, J.
Emma Ragsdale appeals the entry of final summary judgment in favor of Mount Sinai Medical Center on her negligence count, the dismissal with prejudice of her negligent misrepresentation count, and the denial of her motion to recuse the trial judge. For the reasons that follow, we reverse the entry of final summary judgment but affirm the dismissal of the negligent misrepresentation count and the denial of the motion to recuse.
Emma Ragsdale, a police officer with the Metro-Dade Police Department (MDPD), appeared at Mount Sinai for her physical examination. She provided urine samples for drug testing. Mount Sinai reported to MDPD a positive result for Ragsdale's samples. As the MDPD's policy requires dismissal of any officer who tests positive for narcotics, Ragsdale was immediately terminated. She then sued Mount Sinai for negligence and negligent misrepresentation, alleging that Mount Sinai negligently failed to secure her urine samples and then reported a false positive to the MDPD. The trial court dismissed the negligent misrepresentation count and granted summary judgment for Mount Sinai on the negligence count.
The trial court erred in granting summary judgment to Mount Sinai on the negligence count.[1] Mount Sinai had a *169 contract with Metro-Dade County (County) to provide physical examinations of police officers. Mount Sinai undertook a special duty under this contract to exercise ordinary care in following the County's medical protocol in handling urine samples. See Lynn v. Mount Sinai Med. Ctr., Inc., 692 So.2d 1002 (Fla. 3d DCA 1997) ("the liability of the hospital stems from a breach of the duty of ordinary care in not following the protocol required by Dade County."). Mount Sinai's liability extends to persons foreseeably injured by its failure to use ordinary care in performance of its contractual promise to follow the County's protocol. See Rouzie v. Alterman Transp. Lines, Inc., 596 So.2d 747, 749 (Fla. 3d DCA 1992); Maryland Maintenance Serv., Inc. v. Palmieri, 559 So.2d 74, 76 (Fla. 3d DCA 1990). It was reasonably foreseeable that Ragsdale would be harmed if Mount Sinai negligently reported test results to the County. It is a virtual certainty that Ragsdale would be discharged as a police officer in the event of a positive drug test result. Thus, Ragsdale is a foreseeable plaintiff and Mount Sinai owes a duty to her. Ragsdale alleges that Mount Sinai failed to secure properly her samples and destroyed the chain of custody required by the County's collection protocol. Mount Sinai allegedly erroneously reported a positive result for cocaine resulting in the termination of Ragsdale by MDPD. Assuming these facts as true, the trial court improperly granted summary judgment in favor of Mount Sinai.[2]
The trial court correctly dismissed the negligent misrepresentation count. A negligent misrepresentation cause of action arises from section 552 of the Second Restatement of Torts. See Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334 (Fla.1997) (adopting the Restatement of Torts' position on negligent misrepresentation contained in section 552). This section provides:
(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.
Restatement (Second) of Torts § 552 (1977). That is, a misrepresenter is only liable if the recipient of the information justifiably relied on the erroneous information and suffered a subsequent pecuniary loss. Section 552(2) imputes liability to misrepresenters where third parties who *170 are intended beneficiaries of the information are harmed.
Aside from the fact that Ragsdale did not "justifiably" rely on the incorrect report, Ragsdale has not alleged that the services provided by Mount Sinai were intended to primarily or directly benefit her. See Florida Bldg. Inspection Serv., Inc. v. Arnold Corp., 660 So.2d 730, 733 (Fla. 3d DCA 1995) (en banc). While a positive drug test result could be detrimental, the test results were not intended to benefit Ragsdale as required under the Restatement; they were intended for the guidance of MDPD. MDPD benefitted directly from the reports in determining the suitability of police officers for continuing employment. Subsection three is also inapplicable here because Mount Sinai had a duty arising under the contract; it was not a public duty. Therefore, under the facts alleged, Ragsdale fails to state a cause of action for negligent misrepresentation.
We find no merit in Ragsdale's argument for recusal of the trial judge. Accordingly, we affirm the denial of the motion to recuse.
For the reasons discussed above, we reverse the granting of final summary judgment on the negligence claim. Because Ragsdale failed to state a cause of action, we affirm the dismissal of her negligent misrepresentation claim. We also affirm the denial of Ragsdale's motion to recuse the trial judge.
REVERSED in part; AFFIRMED in part.
NESBITT, Senior Judge, concurs.
SORONDO, J. (concurring in part and dissenting in part)
I agree with the majority that the trial court correctly dismissed Ragsdale's negligent misrepresentation count, and that the motion to disqualify the trial judge was properly denied. I would, however, also affirm the trial court's granting of summary judgment for Mount Sinai on the "negligence" count.
Ragsdale's Third Amended Complaint contains two counts which are entitled, Count I "Negligence" and Count II "Negligent Misrepresentation." Although the first count is entitled "negligence," Mt. Sinai correctly argues that it is in fact a count for negligent interference with an advantageous business relationship, a tort not recognized in Florida. See Florida Power & Light Company v. Fleitas, 488 So.2d 148 (Fla. 3d DCA 1986).
In Fleitas, this Court looked beyond the title of a particular count and concluded that "the plaintiffs action ... was nothing more than a claim for negligent interference with a contractual or advantageous relationship with his employer." Id. at 151. The same situation exists in this case. The first paragraph of Ragsdale's brief reads as follows:
Emma Ragsdale filed suit against Mt. Sinai Hospital because Mt. Sinai erroneously reported to the Metro-Dade Police Department that Emma Ragsdale's urine contained 445 nanograms of cocaine metabolite. Based on Mt. Sinai's erroneous report, the Metro-Dade Police Department fired Emma Ragsdale. Mt. Sinai's negligent report ended Emma Ragsdale's distinguished fifteen year career with the Metro-Dade Police Department.
This statement is consistent with paragraphs 16, 17 and 18 of the Third Amended Complaint:
16. Mount Sinai had a duty to Dade County and to Dade County's employees to perform this Undertaking with reasonable care.
17. Mount Sinai knew that Dade County based employment decisions upon the results of drug tests performed on the urine specimens it collected and that Dade County's employees could be wrongly terminated if urine specimens were incorrectly labeled.
18. Mount Sinai knew, or should have reasonably expected, that the drug screening tests performed on urine specimens *171 it collected could have serious and permanent negative effects on the careers of the persons being tested....
Although this count of the complaint is extremely long and verbose, throwing around a variety of tort terminology, when all is said and done, it is nothing less, or more, than a legally non-existent claim for negligent interference with an advantageous business relationship.
Because I believe the trial judge correctly granted summary judgment as to Count I of the Third Amended Complaint, I respectfully dissent from the portion of the majority opinion which reverses that ruling.
NOTES
[1] Despite the dissent's analysis of the claim for negligent interference with a contractual or advantageous relationship with her employer, a close examination of the plaintiff's complaint also reveals a simple, albeit likewise inartfully pled claim for simple negligence.
[2] Mount Sinai raises the argument that Ragsdale's negligence argument is simply a subtle claim for negligent interference with contractual relations. We stated in Florida Power and Light Co. v. Fleitas, 488 So.2d 148 (Fla. 3d DCA 1986), that Florida does not recognize the tort of negligent interference with contractual employment relations. The premise underlying the refusal to recognize this tort is the lack of duty owed to the person being harmed. See Restatement (Second) of Torts § 766C cmt. a (1977) ("no reason to foresee any harm to the plaintiff's interests"). As we have established that Mount Sinai does owe a duty to foreseeable plaintiffs such as Ragsdale, Fleitas does not apply to this case.