TOBIN, VICTOR, Associate Judge.
This appeal arises from the trial court’s denial of appellant’s motion for summary judgment and granting of appellee’s motion for summary judgment. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030. We are compelled to reverse the lower court’s summary judgment in favor of appellee and affirm the order denying appellant’s motion for summary judgment, as the record before us reveals that there are material issues of fact and conflicts in the evidence.
The following recitation of the facts of this case was presented by each of the parties in their respective motions for summary judgment. Edmund J. Novotny (“Novotny”), an attorney in the state of Georgia, was hired by Lillian Dantone (“Dantone”) to organize her estate and move her back to the state of Florida. A retainer agreement was signed by Dantone on September 23, 1996. Novotny assisted Dantone in moving out of an assisted living facility in Georgia and back into her previous residence in Florida. Novotny paid a number of costs incurred in relocating Dantone to Florida, including Dantone’s travel and health care expenses.
Sometime during Dantone’s relocation to Florida, Novotny informed Dantone that her daughter, Sarah Zacone (“Zacone”), intended to initiate guardianship proceedings over her if she attempted to move back to Florida. True to her word, Zacone filed a petition to determine the capacity of Dantone and sought appointment as her temporary guardian. Novotny did not represent Dantone during the guardianship proceeding.
A special master was appointed. On February 24, 1997, the special master reported that Dantone was an 81 year old woman who, within the past two years, had declined into a state of paranoia, confusion, and self neglect. Based upon these findings, the special master concluded that Dantone had lost the ability to contract. The lower court adopted the special master’s findings and conclusions, and in its final order found that since Dantone had *400 executed a valid trust to handle her property while she was competent, all that was required was a guardian of the person.
Subsequent to the lower court’s ruling, in October 1997 Novotny submitted a claim to Dantone and the trustee seeking payment in the amount of $16,097.61 for services rendered to and expenses incurred on behalf of Dantone. Zacone objected to payment of the claim, and the trustee petitioned the court for instructions concerning payment of Novotny’s claim. The matter was referred to a special master who issued a report recommending that the invoices not be paid until Novotny properly petitioned the lower court for approval of payment. However, before Novotny could petition the lower court, Dantone died.
Almost two years after the special master’s report advising Novotny to petition the lower court for an order approving his claim for payment, Novotny sought payment for his claim from the estate which the estate promptly rejected. Thereafter, Novotny filed a complaint against the estate for counts of breach of contract, open account, and quantum meruit.
The parties each filed a motion for summary judgment. On July 17, 2002 the trial court entered a final summary judgment in favor of the Estate the effect of which was to deny Novotny’s claim. This appeal timely follows.
It is axiomatic that a party moving for summary judgment must conclusively establish the absence of any genuine issue of material fact and that the court must draw all inferences from those facts in favor of the non-moving party. Bruckner v. City of Danta Beach, 823 So.2d 167 (Fla. 4th DCA 2002)(Roby, A.J., Warner & Farmer, JJ.) (citing Menendez v. Palms West Condominium Ass’n, 736 So.2d 58 (Fla. 1st DCA 1999)). Furthermore, if the evidence raises an issue of material fact, is conflicting, or permits reasonably different inferences, then the evidence should be submitted to the trier of fact. Id. Our standard of review is de novo.
Applying these well established principles of law to the instant case, we are compelled to reverse the lower court’s summary judgment in favor of appellee as the record before us reveals that there are issues of material fact and conflicts in the evidence.
The issues raised in the cross-motions for summary judgment were: (i) whether Dantone had the capacity to enter into the alleged contract with Novotny; (ii) whether the estate was responsible for Novot-ny’s claim which arose prior to the establishment of the guardianship of the person and the creation of the estate; and (iii) whether Novotny waived his claim.
As to the first issue, the capacity of a party to enter into the contract is a material issue of fact. See generally Forrest v. J.L. Young and Co., 198 So.2d 364 (Fla. 4th DCA 1967); Hemker v. Abdul, 716 So.2d 817 (Fla. 2d DCA 1998).
The record before us clearly establishes that there is a dispute over the validity of the contract based on Dantone’s capacity to enter into the contract. Our conclusion is supported by the estate’s affirmative defense that Dantone lacked the capacity to enter into a contract with Novotny. Furthermore, we find nothing in the record indicating that the conflict was resolved by undisputed material fact in motions for summary judgment or a finding by the lower court based on competent evidence,
As to the second issue, while the record before us is unclear, we assume that the trial court concluded, as a matter of law, that the estate was not responsible for Novotny’s claim which arose prior to *401 the establishment of the guardianship of the person and the subsequent estate. We find the lower court’s ruling contrary to the law. Midland National Bank v. Cornerica Trust Co., 616 So.2d 1081, 1084 (Fla. 4th DCA 1998); In Stabinski v. Meyer, Weiss, Rose, Arkin, Shampanier, Ziegler & Barash, P.A., 439 So.2d 330 (Fla. 3d DCA 1983)(holding that an estate may be charged attorney’s fees where services rendered were for the benefit and protection of the guardian). “Finally, the trustee argues that the fees were improperly charged against the trust assets rather than the guardianship. Although section 744.521, Florida Statutes (1981) and Florida Rule of Probate and Guardianship 5.680(c), construed together, direct a guardian to withhold from distribution sufficient assets to defray the costs of winding up the guardianship, this does not preclude an award from being collected out of the trust. After all, the funds of. a guardianship are nothing more than trust funds. Beck v. Beck, 383 So.2d 268 (Fla. 3d DCA 1980). As long as the award represents legitimate expenses incurred in winding up the estate, it must be borne by the ward from any entity over which the court has jurisdiction.” Id. at 332.
Lastly, appellee argues that the lower court correctly granted summary judgment because Novotny waived his claim by failing to file the petition when originally directed to do so by the court having jurisdiction over the trust and guardianship. Although there may be instances where summary judgment may be properly entered in cases where waiver is raised as an affirmative defense, generally questions of waiver involve fact issues which, more often than not, make it inappropriate for summary judgment. Scheibe v. Bank of America, N.A., 822 So.2d 575 (Fla. 5th DCA 2002).
Turning to the record before us, it is apparent that the appellee sought to avoid liability for the claim by raising the affirmative defense of waiver. In doing so, appellee raised material issues of fact which were not resolved by the purported undisputed material facts argued in the parties’ respective motions for summary judgment or by the trial court.
Accordingly, we reverse summary judgment rendered in favor of the Estate and affirm the order denying Novotny summary judgment.
GUNTHER and TAYLOR, JJ., concur.