PER CURIAM.
This is an appeal from a final summary judgment entered in favor of defendant/ap-pellee, The American Insurance Company (“TAIC”), in a suit alleging negligent misrepresentation and violation of section 626.901, Florida Statutes (1997). We affirm for the following reasons.
FLA Orthopedies, Inc. (“FLA”) is in the business of manufacturing and selling orthopedic safety and support products. It has more than 150 full-time employees. When FLA became dissatisfied with its health insurer’s proposed 22% premium increase, it sought out a new insurance program for its employees. FLA reviewed several different insurance programs, including one offered by Well American Group (“WAG”). WAG sold health insurance plans to various employers in the Miami area. WAG’s plan required the employees to pay monthly premiums and submit their medical bills to WAG in order to obtain reimbursement. FLA’s president instructed the “team” to confirm that WAG carried an errors and omissions insurance policy. This instruction was allegedly given because the president believed that only licensed entities would be provided such coverage.
FLA obtained oral assurances from WAG that it had an errors and omissions policy. In addition, WAG allegedly showed FLA a certificate of insurance.[1] Thereafter, FLA contracted with WAG for a group plan with WAG agreeing to provide health insurance coverage for FLA’s employees, in exchange for paid premiums.
Ultimately, WAG became insolvent and failed to reimburse FLA’s employees for their medical expenses. WAG subsequently entered into a consent order with the Florida Department of Insurance wherein WAG acknowledged that it had not been licensed to transact insurance business in Florida, and that it had, in fact, engaged in the unauthorized transaction of insurance in Florida.
FLA first encountered TAIC when FLA, in an effort to recoup some of its losses, filed a claim under WAG’s errors and omissions policy. TAIC engaged in a global mediation with those persons and/or entities making claims under the errors and omissions policy that it had issued to WAG because the totality of the claims exceeded the policy limits. Although FLA participated in this mediation, it elected not to participate in the mediation settlement and opted out of the class action suit which had been filed against WAG.
Instead, FLA sued TAIC alleging that TAIC negligently misrepresented to third parties that WAG “was licensed to transact insurance in the State of Florida” by its issuance of an errors and omissions policy to WAG. TAIC moved for summary judgment claiming that the policy issued to WAG “contained no statements to the effect that WAG was a licensed insurance company” and that the sole purpose of the policy was to provide professional liability coverage to insurance agents and/or insurance brokers. TAIC also pointed to the insurance application executed by WAG, which stated that WAG would be functioning as a managing general agent or “MGA,” a company which sells insurance policies, rather than as an insurance carri *3 er. This, TAIC maintained, showed that it only insured WAG in its capacity as a broker or agent, not as an insurance carrier.
FLA argued, in opposition to the motion for summary judgment, that TAIC, by issuing an errors and omissions policy to WAG, had implicitly represented that WAG was legally licensed to transact insurance business within the State of Florida. In support of its argument FLA submitted the affidavit of its expert, who opined in relevant part that:
By issuing a professional liability insurance policy in favor of the Well American Group (“WAG”), who sought to operate as [an] MGA [managing general agent], TAIC was representing to FCA and other similarly situated companies that WAG was in compliance with all legal requirements necessary to operate as an MGA under Florida law.
The affidavit also averred that had TAIC followed standard underwriting policies and procedures, it would have discovered that WAG was not authorized to transact insurance business in Florida. The affidavit also stated that an MGA “has the authority to sell insurance and to issue insurance policies on behalf of the insurance company.” As pointed out by the trial court, however, the affidavit did not claim that an MGA could sell insurance policies as a carrier, as WAG had done.
The trial court entered final summary judgment in favor of TAIC. FLA filed a motion for rehearing, which was denied. This appeal followed.
Florida has adopted the law on negligent misrepresentation as set forth in section 552 of the Restatement (Second) of Torts. See Ragsdale v. Mount Sinai Med. Ctr. of Miami, 770 So.2d 167, 169 (Fla. 3d DCA 2000) (citing Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334 (Fla.1997)). The Restatement provides that a negligent misrepresentation claim arises where:
(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
(2) Except-as stated in Subsection (3), the liability .stated in Subsection (1) is limited to loss suffered
(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends- or-in a substantially similar transaction.
(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.
Restatement (Second), of Torts § 552 (1977), quoted in Ragsdale, 770. So.2d at 169.
Thus, in order to prove its claim under section 552, FLA must establish, among other things, that:
1. TAIC provided false information to FLA in the course of TAIC’s business or a transaction in which TAIC had an economic interest;
2. FLA was a person for whose benefit and guidance TAIC intended to sup *4 ply the false information for use in FLA’s business transaction; and
3. TAIC intended the false information to influence FLA in its business transaction.
See Fla. Std. Jury Instr. (Civ.) MI 8.2.
In viewing the undisputed material facts in the light most favorable to FLA, as we must,[2] we conclude that FLA cannot establish its claim, as a matter of law, under the test set forth in the Restatement. First of all, TAIC is in the business of selling insurance, and is not in the business of supplying information to third persons about its insureds’ business qualifications. Further, TAIC had no pecuniary interest in its insured’s transactions with FLA. Any information received by TAIC from or about WAG was utilized solely to allow TAIC to underwrite the risk.
FLA cannot be deemed a person for whose benefit and guidance TAIC “intended” to supply information. Moreover, it cannot be said that the issuance of an errors and omissions policy to WAG was intended to influence FLA’s decision about whether to begin a business relationship with WAG. Although FLA may have assumed that, by virtue of TAIC’s issuance of the policy, WAG was licensed to market health insurance in Florida, the plain language of the policy never makes such a representation. Thus, as TAIC correctly asserts, while FLA had a right to make a claim under the policy, FLA’s negligent misrepresentation action fails under section 552.
The contrary opinions expressed in FLA’s expert’s affidavit cannot dictate a different result. FLA’s expert opined that by issuing an errors and omissions policy,
“TAIC was representing to FLA and other similarly situated companies that WAG was in compliance with all legal requirements necessary to operate as [an] MGA under Florida law.” WAG, however, not FLA (or other similarly situated third parties), was the primary and direct beneficiary of the policy. Thus, as a matter of law, TAIC is not liable to FLA for any information upon which FLA may have relied in its business transactions with WAG. See, e.g., Fla. Bldg. Inspection Servs. v. Arnold Corp., 660 So.2d 730, 733 (Fla. 3d DCA 1995) (finding roof inspector, hired by lessee, who certified that roof was watertight and leak free, not liable to sublessee for negligent misrepresentation where roof had multiple leaks because “the tort liability of a supplier of information is limited to persons ‘for whose benefit and guidance’ the information was intended to be supplied.”). See also Ragsdale, 770 So.2d at 170 (holding that, although incorrect drug report was detrimental to employee, employee had no claim against hospital because the report was not “intended to primarily or directly benefit” the employee).
Moreover, the expert’s opinions that a professional liability insurer, like TAIC, “knows or should know that third parties rely on the existence of error and omission coverage,” and that “TAIC should have known that WAG was not licensed and was not authorized under Florida law to transact insurance business,” are insufficient to create a legal duty or issue of fact to preclude summary judgment. See Reimsnyder v. Southtrust Bank, N.A., 846 So.2d 1264, 1265-67 (Fla. 4th DCA 2003) (holding that expert testimony as to what a business should know about its customers does not create a duty *5 under the law or an issue of fact precluding summary judgment); Eguia v. The Landings, Ltd., 507 So.2d 134, 135 (Fla. 2d DCA 1987) (finding that expert’s affidavit regarding defendant’s duty was conclusion of law which did not create issue of fact precluding summary judgment). See also Fla. Dep’t of Fin. Servs. v. Assoc. Indus. Ins. Co., 868 So.2d 600, 602 (Fla. 1st DCA 2004) (holding that affidavit in support of summary judgment may not be based upon factual conclusion or conclusions of law); Hurricane Boats, Inc. v. Certified Indus. Fabricators, Inc., 246 So.2d 174, 175 (Fla. 3d DCA 1971) (same). Thus, the trial court was correct in granting summary judgment on the negligent misrepresentation claim.
Summary judgment was also properly entered against FLA on its statutory claim against TAIC. FLA claims that by issuing WAG errors and omissions coverage, TAIC aided WAG, an unauthorized insurer, in soliciting, negotiating, effectuating and procuring insurance policies, in violation of section 626.901, Florida Statutes (1997). We disagree.
The insurance code, of which section 626.901 is a part,[3] provides criminal penalties for violations of such,[4] to be enforced by the Department of Insurance. See §§ 624.307, 624.310, Fla. Stat. (1997). The code also provides a civil remedy for violations of sections 626.9541(1)®,(o), or (x); 626.9551; 626.9705; 626.9706; 626.9707; and 627.7283. See § 624.155, Fla. Stat. (1997). Notably absent, for our purposes here, is a proscribed civil remedy for a misrepresentation under section 626.901.
Section 626.901 provides in pertinent part that:
(1) No person shall, from offices or by personnel or facilities located in this state, or in any other state or country, directly or indirectly act as agent for, or otherwise represent or aid on behalf of another, any insurer not then authorized to transact such insurance in this state in:
(a) The solicitation, negotiation, procurement, or effectuation of insurance. or annuity contracts, or renewals thereof;
(b) The dissemination of information as to coverage or rates;
(c) The forwarding of applications;
(d) The delivery of policies or contracts;
(e) The inspection of risks;
(f) The fixing of rates;
(g) The investigation or adjustment of claims or losses; or
(h) The collection or forwarding of premiums;
or in any other manner represent or assist such an insurer in the transaction of insurance with respect to subjects of insurance resident, located, or to be performed in this state. If the property or risk is located in any other state, then, subject to the provisions of subsection (4), insurance may only be written with or placed in an insurer authorized to do such business in such state or in an insurer with which a licensed insurance *6 broker of such state may lawfully place such insurance.
(2) If an unauthorized insurer fails to pay in full or in part any claim or loss within the provisions of any insurance contract which is entered into in violation of this section, any person who knew or reasonably should have known that such contract was entered into in violation of this section and who solicited, negotiated, took application for, or effectuated such insurance contract is liable to the insured for the full amount of the claim or loss not paid.
§ 626.901(1),(2). The plain language of the statute provides a civil remedy, limited solely to the amount of the claim or loss, only if: 1) an insurance contract is entered into in violation of the statute; and 2) the defendant knew or should have known that the contract was entered into in violation of the statute: and 3) the defendant solicited, negotiated or effectuated the insurance contract; and 4) the “insurer” fails to pay on the claim. None of these elements have been alleged, attested to, and/or shown in this case. Thus, summary judgment was also properly entered on FLA’s statutory claim.' Accordingly, we affirm, in toto, the final judgment entered by the trial court.

. The parties dispute whether WAG's certificate of insurance was prepared by TAIC. The record, however, shows that TAIC did not issue a certificate of insurance until July 1999, four months after FLA had contracted with WAG for health insurance.

. See Novotny v. Estate of Dantone, 848 So.2d 398, 400 (Fla. 4th DCA 2003) ("It is axiomatic that a party moving for summary judgment must conclusively establish the absence of any genuine issue of material fact and that the court must draw all inferences from those facts in favor of the non-moving party.").

. See § 624.01, Fla. Stat. (1997) ("Chapters 624 through 632, 634, 635, 637, 638, 641, 642, 648, and 651 constitute the 'Florida Insurance Code.' ”)

. See § 624.15, Fla. Stat. (1997) ("Each willful violation of this code as to which a greater penalty is not provided by another provision of this code or by other applicable laws of this state is a misdemeanor of the second degree and is, in addition to any prescribed applicable denial, suspension, or revocation of certificate of authority, license, or permit, punishable as provided in s. 775.082 or s. 775.083. Each instance of such violation shall be considered a separate offense.”)