[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10841
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-22296-KMW

OSCAR VARELA GARCIA,

Plaintiff-Appellant,

versus

RICHARD DIAZ,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 5, 2018)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Oscar Varela Garcia, a federal prisoner proceeding *pro se*, appeals the

District Court's dismissal of his Complaint against Richard Diaz, the defense

counsel who represented him in the criminal proceedings that led to his conviction

and confinement.  We affirm the District Court's dismissal because, despite every

benefit to which a *pro se* litigant like Garcia is entitled, the Complaint fails to plead a claim for relief that is cognizable under Federal Rule of Civil Procedure 8.

## I.

This civil case arises from Richard Diaz's legal representation of Oscar Varela Garcia in a criminal prosecution for various offenses stemming from Garcia's involvement as a "high-ranking official in a Colombian drug trafficking organization." *United States v. Garcia*, 533 F. App'x 967, 969 (11th Cir. 2013) (per curiam). In 2013, this Court affirmed Garcia's convictions and sentence on direct appeal, and in 2016, when the District Court denied Garcia's petition for a writ of habeas corpus under 28 U.S.C. § 2255, we declined to grant him a certificate of appealability. *Id.* at 967; *Garcia v. United States*, No. 16-10439-F (11th Cir. Nov. 10, 2016). Then, later in 2016, while a prisoner in a federal correctional institution, Garcia filed a *pro se* civil complaint against Diaz that stems from Diaz's representation of him in the underlying criminal prosecution.

Garcia's Complaint is difficult to decipher because it is not organized into causes of action or numbered paragraphs. Garcia alleges that Diaz "breached their contract." He also alleges, however, that had he known that Diaz was being investigated by the federal government for money laundering, he "would have never agreed to obtain his services" and that during Garcia's criminal trial, Diaz "neglected a legal matter instructed to him" regarding the presentation of alibi

2

witnesses. Garcia seeks $250,000 in damages, the amount that he paid to Diaz for the representation, plus $500,000 for "mental anguish/pain and suffering."

The District Court *sua sponte* examined the sufficiency of Garcia's Complaint under Federal Rule of Civil Procedure 8.  Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a court must "dismiss [a] case at any time" that a complaint "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).[1]  Because Garcia was a *pro se* plaintiff, the Court afforded him a liberal construction of his Complaint and examined his allegations not just for a breach of contract claim but also for ones of negligent misrepresentation and of legal malpractice (negligence).  It determined that Garcia had failed to state a cause of action under any of the three theories and dismissed the Complaint without prejudice.

A series of motions and orders followed that immediately precede this appeal.  Within 28 days of the District Court's dismissal, Garcia moved under Federal Rule of Civil Procedure 59 to alter or amend the judgment. On December 22, 2016, the Court granted that motion and gave Garcia "one opportunity" to amend his Complaint within three weeks, by January 11, 2017.  On January 10, the Court received from Garcia an undated Motion for Extension of Time.  Garcia cited, as cause for the extension, a prison lockdown from December 23, 2016 to

---

[1] Garcia is subject to the provisions of the PLRA because he proceeded *in forma pauperis*.

3

December 28, 2016 and another lockdown from January 3, 2017 to a date unknown at the time of his writing. The Court granted this first extension on January 11 and gave Garcia two weeks, until January 25, to file an amended complaint. On January 13, Garcia moved for a second extension of time. Garcia explained that the prior lockdown had ended only on January 12 and that typing machines in the prison library were inaccessible until January 16. The District Court denied Garcia's second Motion and explained that it raised the "same bases for requesting an extension as his first." This appeal followed.

## II.

We review *de novo* a district court's *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Hughes v. Lott*, 350 F.3d 1157, 1159−60 (11th Cir. 2003).

We follow a "two-pronged approach" when evaluating a complaint. We first sift out allegations that are "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). We then determine whether the remaining allegations, taken as true, "plausibly suggest an entitlement to relief." *Id*. at 681, 129 S. Ct. at 1951.

We hold a *pro se* complaint to "less stringent standards than formal pleadings drafted by lawyers" and accordingly construe it "liberally." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citation omitted). We must

not, however, "serve as *de facto* counsel" or "rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quoting *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

We have jurisdiction to review the District Court's *sua sponte* dismissal of Garcia's Complaint.[2] We do not consider, however, new factual allegations that Garcia raises in his brief on appeal but failed to plead in his Complaint. *See Walker v. Jones,* 10 F.3d 1569, 1572 (11th Cir. 1994) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (citation omitted)). Though Garcia included some of these allegations in his Motion under Federal Rule of Civil Procedure 59, our task here is to review the sufficiency of his pleadings. And a motion is not a pleading. *Compare* Fed. R. Civ. P. 7(a) (pleadings), *with id.* 7(b) (motions). Should Garcia choose to refile this suit, he can include the allegations in his new complaint. We also do not

---

[2] Under Federal Rule of Appellate Procedure 4, the notice of appeal must be filed with the clerk of the district court within 30 days of the "entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). When entry of judgment occurs turns on whether, under Federal Rule of Civil Procedure 58(a), the judgment or order at issue must be set forth in a "separate document." *Id.* 4(a)(7). Rule 58(a) excludes a small set of judgments and orders from the separate-document requirement, but orders dismissing a complaint, as is the order at issue here, are not excluded. If a separate document is required, entry does not occur until the earlier of the time when the district court satisfies the separate-document requirement or when 150 days have run from when the order or judgment is posted to the district court's docket under Federal Rule of Civil Procedure 79(a). Fed. R. App. P. 4(a)(7)(A)(ii).

The District Court here never set forth its dismissal of Garcia's Complaint in a separate document. As such, Garcia had until 150 days from September 28, 2016, when the District Court issued its order dismissing his case. Because Garcia filed his notice of appeal with the District Court on February 22, 2017, we can review the District Court's dismissal of Garcia's Complaint.

consider the District Court's denial of Garcia's Motion for Extension of Time because he has failed to raise that issue on appeal.[3]  *See McGinnis v. Ingram Equip. Co.*, 918 F.2d 1491, 1496 (11th Cir. 1990) ("A party normally waives its right to argue issues not raised in its initial brief." (citation omitted)).

## III.

A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938).  We review *de novo* a diversity court's determinations of state law. *McMahan v. Toto*, 256 F.3d 1120, 1130 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002).

We now address the three possible meanings that the District Court gave to Garcia's Complaint.

## A.

First, Garcia's Complaint fails to state a claim for breach of contract.  Under Florida law, a breach of contract claim requires the plaintiff to plead formation of a

---

[3] Even if Garcia had raised the issue on appeal, however, we would find no trouble affirming the District Court's Order.  We review a district court's denials of motions for extensions of time, as well as other decisions related to docket management, for abuse of discretion.  *See Young v. City of Palm Bay*, 358 F.3d 859, 863−64 (11th Cir. 2004).  In handling these matters, the district court is entitled to a "range of options."  *Id.* at 863; *see also In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994) (noting that the "very concept of discretion presupposes a zone of choice within which the trial courts may go either way" (citing *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989))).  We cannot say that the District Court abused its discretion because, among other reasons, Garcia offered no explanation for why he could not work on his Complaint from December 28, 2016 to January 3, 2017 or from January 16 to January 25.

contract, including offer, acceptance, consideration, and essential terms; material breach; and damages. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. Dist. Ct. App. 2008); then citing *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)) (applying Florida law).

The Complaint's allegation that Diaz "breached their contract" is legally insufficient on each of the elements with the exception, perhaps, of damages. The Complaint does not allege how Diaz materially breached the contract, let alone the existence of a contract to begin with.[4] Indeed, the Complaint indicates that Diaz did in fact represent Garcia in his criminal proceeding, suggesting that he materially performed on whatever contract they might have had. Without more allegations, Garcia's assertion that Diaz "wholly failed to perform the duties of his representation" is nothing more than a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)).

## B.

Second, Garcia's Complaint fails to state a claim for negligent misrepresentation. Garcia alleges that had he known that Diaz was being investigated by the federal government for money laundering, he "would have

---

[4] That he attaches the contract to his brief on appeal was of little help to the District Court when it reviewed his Complaint in the first instance.

never agreed to obtain his services." Under Florida law, negligent misrepresentation requires

> 1) misrepresentation of a material fact,
>
> 2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false,
>
> 3) the representer intended to induce another to act on the misrepresentation, and
>
> 4) injury resulted to a party acting in justifiable reliance upon the misrepresentation.

*See Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 607 F.3d 742, 747 (11th Cir. 2010) (quoting *Baggett v. Electricians Local 915 Credit Union*, 620 So. 2d 784, 786 (Fla. Dist. Ct. App. 1993)) (applying Florida law).

The Complaint fails as to each of the four elements.

First, the Complaint fails to plead that any misrepresentation occurred. To be sure, misrepresentation can occur by omission, particularly when a fiduciary relationship, like that of lawyer and client, exists. *See* 27 Fla. Jur. 2d *Fraud and Deceit* § 58 ("A fiduciary has a fundamental duty to furnish information that entails . . . an affirmative duty to inform when . . . silence might be harmful."). Even a party who only seeks to become a fiduciary has a duty to act in "utmost good faith." *Willis v. Fowler*, 136 So. 358, 366 (Fla.

8

1931).  But the Complaint does not set forth the existence of a fiduciary relationship or any other legal duty that Diaz was under to affirmatively inform Garcia of the investigation that he faced.

Second, the Complaint fails to plead that Diaz knew that he was under investigation, let alone that he failed to inform Garcia of the investigation or was negligent in failing to do so.

Third, the Complaint fails to plead that Diaz omitted the information with the purpose of securing the legal engagement.

And fourth, the Complaint fails to plead an injury that resulted from justifiable reliance.  Though Garcia seeks relief of $250,000 that he paid to Diaz, he never pleads the value of what he *did* receive in terms of legal services, even if that value is zero.  And negligent misrepresentation offers no relief for Garcia's "mental anguish/pain and suffering," for which he seeks $500,000.  *See, e.g.*, *Ragsdale v. Mount Sinai Med. Ctr. of Miami*, 770 So. 2d 167, 169 (Fla. Dist. Ct. App. 2000) (citing Restatement (Second) of Torts § 552 (Am. Law Inst. 1977)) (limiting recovery to "pecuniary loss").

## C.

Third, and last, Garcia's Complaint fails to state a claim for legal malpractice.  Under Florida law, one who brings a cause of action for legal malpractice in a criminal prosecution must first "obtain appellate or postconviction

relief." *Steele v. Kehoe*, 747 So. 2d 931, 933 (Fla. 1999).  This Court affirmed Garcia's conviction on direct appeal, and when the District Court denied Garcia's petition for a writ of habeas corpus under 28 U.S.C. § 2255, we declined to grant him a certificate of appealability.  *Garcia*, 533 F. App'x 967; *Garcia*, No. 16-10439-F (11th Cir. Nov. 10, 2016).  As such, Garcia has obtained no "relief" for his conviction and thus has no cognizable claim under Florida law for legal malpractice.  *See Steele*, 747 So. 2d at 933.

## IV.

For these reasons, the District Court's Order Dismissing Case is **AFFIRMED**.  Because Plaintiff's Complaint was dismissed without prejudice, he is free to file a new complaint that, unlike the one before us today, pleads a cause of action upon which relief can be granted.